Madison County v. Gibbs & Dean.

## MADISON COUNTY v. GIBBS & DEAN.

COUNTY COMMISSIONERS. *County liable for work done. When.* Under the provisions of the Revised Code, sec. 1273 *a, b, c,* which authorize the county court to appoint commissioners to contract for and have completed repairs of bridges, levees, etc., a person who performs work and furnishes material in such repair, with the knowledge and consent of the commissioners, and whose work is accepted and used by the county, may recover from the county what the work and material are reasonably worth, without an express contract by and with the commissioners. COOPER, J., dissenting.

### FROM SHELBY.

Appeal from the Law Court of Madison county. H. W. McCorry, J.

J. L. Brown and E. L. Bullock for county.

Caruthers & Mallory for Gibbs & Dean.

Cooper, J., delivered the opinion of the court.

Gibbs & Dean sued Madison county for money due them under a contract for work and labor done, and materials furnished by them at the request of the defendant. The county pleaded *nil debet,* and that it did not enter into the contract alleged. The verdict and judgment were for plaintiffs, and defendant appealed in error.

At the October term, 1878, of the county court of Madison county, Gregory, Scarborough and Kendrick were appointed commissioners "to have the levee and

bridges on Irvine's levee repaired." The clerk of the court in issuing the order inserted the name of Parham, at whose instance with others the order had been made, instead of Gregory, and Parham acted accordingly. In the same month of October, the work on the bridges seems to have been let out by the commissioners to one Smith, who failed to do the work. Afterwards, the plaintiffs were requested by the commissioners to furnish the materials, and perform the work, with an agreement that the value when completed should be determined by two persons, one to be selected by the commissioners and the other by the plaintiffs, they to select a third person in case of disagreement. The work was done, and two persons, selected as agreed, found that the work was worth $1,305, basing their estimate on the value of county warrants, then selling at fifty cents on the dollar. The commissioners, after the work was done, reported the facts to the county court at its July term, 1879, and that court ordered a county warrant to issue to the plaintiffs for $650, "in part pay for work on Irvine levee and bridges." There was proof on the part of defendant tending to show that the work was not worth the estimate put upon it, and that the county court did not accept the report for that reason.

By the Revised Code, sec. 1273 a, the county courts are authorized to appoint commissioners "to contract for, and have completed" repairs of bridges, levees or causeways. By sec. 1273 b, it is made the duty of the commissioners to report to the first term of the quarterly court "after the completion of any work they

may have had under contract, which report shall set forth the kind of repairs that have been made, by whom made, and for what amount." The next section makes it the duty of the court, upon the filing of the report, "to order the same to be paid as other claims against the county."

The court read to the jury the provisions of the Code, and left it to them to say whether any and what contract was made between the plaintiffs and the defendant, through the authorized agents of the latter acting within the scope of their authority, and instructed them if they found that there was a contract, and that plaintiffs had performed their part of it, they would be entitled to recover the consideration agreed upon; and if they were to be paid in county warrants, the recovery would be for the value of the warrants at the time the money became due, with interest or not as the jury might determine. He further charged: "Should you find that no contract was made between the plaintiffs and defendant, but that the plaintiffs performed work and labor, and furnished the materials to make the repairs on Irvine's levee, with the knowledge and consent of the agent of the defendant, and the defendant adopted, accepted and went into the possession and use of the work, the defendant would be bound to pay the plaintiffs what the work, labor and materials were reasonably worth under all the circumstances, whether there was a contract or not."

The latter part of the charge is not literally accurate. His Honor did not mean that the county would be bound to pay for work in the absence of any con-

tract express or implied. For the facts stated as sufficient to bind the county, namely doing the work with the knowledge and consent of the commissioners and acceptance by the county, would be sufficient from which a contract might be implied. What his Honor meant was that an express contract was not necessary. The counsel of the appellant so understood the charge, and insist that the county cannot be held liable on an implied contract. They argue that it was the duty of the commissioners to fix the price of the work themselves, and that they could not delegate their authority to others. They contend, therefore, that there was no such contract as to the price of the work as to be legally binding on the county. I am myself inclined to the opinion that the statute contemplates the making of contracts for the work at a price fixed in advance, either by letting it out to the lowest bidder, or by the estimates of experts, or by some other mode suitable to the accomplishment of the result. I do not think that the commissioners have any authority so to contract as necessarily to involve the county in litigation. My brother judges are, however, of a different opinion, and concur with the circuit judge in his conclusion that if the work has been done with the knowledge and consent of the commissioners, and *a fortiori* if at their request, and is accepted by the county, the county will be liable to pay what the work, labor and materials were reasonably worth. In this view, there is no error in the charge as made, and there was no request for any other charge.

It is said that Parham was not a lawful commis-

sioner. But the action of the county court upon the report of the acting commissioners cured any defect in this regard. It is also said that the suit was upon a contract payable in money, and the proof shows a contract payable in county warrants, and that the variance was fatal. But there was no objection made to the admission of evidence on the ground of variance. There was a sweeping exception to "the evidence" of the plaintiff's witnesses, naming them, but such an exception was too general. Besides, the suit would necessarily be for money, even if the contract was for payment in county warrants, and the declaration does not set out a special contract.

Upon the motion for a new trial, the affidavit of one of the jurors is introduced to the effect that each juror agreed that the plaintiffs were entitled to, a verdict, but differed as to the amount; that another juror suggested a basis of agreement, to which the affiant says he did not at first accede, and, he somewhat mournfully adds, "he exerted all his mental powers to convince the other jurors to coincide with him, without avail." "Finally," he continues, "to avoid the charge of willful stubbornness, and in opposition to the deliberate conviction previously formed, he agreed that the verdict might be rendered" as it was. Of course, he had the right to change his views to be in accord with those of his eleven obstinate associates. We see nothing wrong in this. The other affidavits disclose nothing which might not have been ascertained by ordinary diligence before the trial.

Affirm the judgment.