GAS-LIGHT CO. v. MEMPHIS.

(*Jackson.*    December 31, 1894.)

1. MUNICIPAL CORPORATIONS.  *Statute of limitations.*

A municipal corporation that levies and collects a specific tax for the purchase of gas to light its streets, which tax, under the city charter, cannot be lawfully diverted to any other purpose, bears the relation of express trustee to a party who, under a valid contract, has furnished gas to the city, agreeing to receive the proceeds of said tax in payment; and no statute of limitation can bar the right of such party to recover of the city the proceeds of said tax.  (*Post, pp. 615, 616.*)

2. SAME.  *Implied contract.*

A municipal corporation, restricted by its charter to contract in writing, and to create no general liability, is nevertheless liable, upon an implied contract, to compensate a party who has furnished gas for use upon its streets, when a specific tax has been levied and collected for that purpose, which cannot be lawfully diverted to any other.  (*Post, pp. 616–618.*)

3. INTEREST.  *Not allowed.*

Interest is not allowed, in this case, upon the recovery of the gas-light company against the city, although the debt had been due, and the tax which had been levied for its payment had been collected, for several years.  (*Post, p. 618.*)

FROM SHELBY.

Appeal from Chancery Court of Shelby County. W. M. SMITH, Sp. Ch.

J. R. FLIPPIN for Gas-light Co.

METCALF & WALKER for Memphis.

McALISTER, J.    This bill was filed in the Chancery Court of Shelby County, by the Memphis Gas-light Company, to recover balance due for illuminating gas furnished the city of Memphis. The bill alleges that the gas was furnished to and consumed by the city during the years 1879, 1880, 1881, 1882, 1883, and 1884.    The gas was originally furnished by the company under a written contract, executed by the parties in 1879, under the terms of which the gas company was to be paid ten cents on the $100, the tax levied for lighting purposes, whenever said taxes were collected.    It appears that, under the restrictions of the charter of the city of Memphis, the city is prohibited from creating any general liability to any creditor, but every creditor who makes a contract with the city is required to look alone to the particular tax levied for the purpose contemplated by the contract.    The complainant was, therefore, restricted to the particular fund levied for lighting purposes.

This explanation is necessary in order to an intelligent understanding of the contract entered into between the parties. That contract is as follows: "That, for and in consideration of the payment by the city to the gas company of the whole tax, to wit:    Ten cents on the $100 levied by the Act establishing the Taxing District, for the lighting of the streets, etc., with gas, the gas company hereby covenants and agrees to furnish the city gas for five hundred and seventy lamps, etc.    It is further understood and agreed that the gas company shall

look alone for payment to the fund derived or to
be derived from the ten cents on the $100 levied by
the Act establishing this district for lighting streets
and public buildings, as the same is levied and
collected for and during the year 1879, and none
other, and it is expressly understood that this
contract is not to create, and does not create, any
general liability on the city, but only against the
aforesaid fund, and in the manner aforesaid." The
contracts for 1880 and 1881 were also in writing,
embodying substantially the same stipulations. The
contracts for 1882, 1883, and 1884, if in writing,
were not found, but the gas was furnished for
these years according to bids, and upon the same
terms as the former years.

It appears from the record that the city con-
tinued to pay on these contracts down to April,
1885, since which time it has paid nothing. The
object of this suit is to recover taxes levied and
collected by the city for gas purposes during the
years of 1879 to 1884, inclusive, and which several
amounts the city has failed to pay over. The sum
of those taxes collected by the city since April,
1885, date of the last payment to the gas com-
pany, is alleged to be $9,471.17. The Chancellor,
the Hon. W. M. Smith, sitting in the place of the
regular Chancellor, who was incompetent, pronounced
a decree in favor of complainant for said sum of
$9,471.17, but the Court disallowed any interest on
said debt. Complainant appealed, and its assign-
ment is that the Chancellor erred in disallowing

interest upon the debt found to be due when the bill was filed, and interest upon the several items making up the debt.

The city of Memphis brought the case to this Court by writ of error, and has filed assignments of error. We will first dispose of the errors assigned on behalf of the city. The first assignment is that complainant is barred by the statute of limitation in respect to all sums collected more than six years before the filing of the bill herein. Of the aggregate amount thus collected, and for which the decree was rendered by the Chancellor, it appears that $2,326.69 was collected more than six years before suit commenced. The Chancellor was of opinion that the fund arising from the collection of taxes levied for this specific purpose was a trust-fund, and that the statute of limitation, therefore did not apply. It is insisted by counsel for the city that the relation between complainant and the city was strictly that of creditor and debtor, and not that of trustee and *cestui que trust*. As already stated, the charter of the Taxing District levied an annual tax of ten cents on the one hundred dollars for lighting streets and public buildings. The charter further provided that said taxes should be collected by the County Trustee, and by him kept separate, and paid out by him for the purposes specified, upon joint warrants of two of said Commissioners. In no case shall the fund collected for one purpose be used for any other, etc. Section 11 provides, viz.:

" That the diversion of any portion of any of said taxes or wharfage dues, or other funds, from the purposes for which they were levied, by any of the Commissioners or by the Trustee, shall be a felony, for which the guilty party, upon conviction, shall suffer imprisonment," etc.

It will be observed that this tax was levied for a specific purpose—to wit, the lighting of the streets—and, in pursuance of lawful contracts made by the city, the gas company became the equitable owner of those taxes. The Commissioners of the Taxing District are charged by the charter with the duty of disbursing those taxes for the pur-. poses for which they were levied, and any diversion of those funds to other purposes than those for which they were levied is declared to be a felony. We are, therefore, of opinion that, in view of the provisions of this charter, the Commissioners are made express trustees of those taxes. The Board of Commissioners constitute an agency or instrumentality of the Taxing District, and the plea of the statute of limitations is unavailing as a defense to the city. We are, therefore, of opinion that the said sum of $2,326.99, collected prior to the tenth of June, 1886, is not barred by the statute of limitations.

The next assignment is, viz.:

" The Court below erred in holding that there was any contract upon which complainant could in any event recover, except for the years 1879 and 1880. It is conceded for complainant that there

was no formal or written contract between the complainant and defendant for any year, except the two last mentioned ones; and we submit (1) that there can be no recovery at all upon such a state of facts, and (2) that, if a recovery were possible, it must be on the basis of a *quantum meruit*, and that the complainant has wholly failed to make out its claim on that basis."

The charter of the city then in force provided that all contracts of every description shall be in writing, and shall be signed by all the commissioners assenting thereto, and shall be recorded in full in a well-bound book, open at all times for public inspection.

It is insisted, however, on behalf of complainants, that if it be conceded that these contracts, to the extent they were not in writing, were within the prohibition of the city charter, the city is still liable, on the doctrine of implied contract and upon a *quantum meruit*. The record shows that, for these years, the company furnished the gas which was consumed by the city, and that a tax was collected for its payment, but the same was diverted to other municipal purposes. The question, then, is whether the city, in view of the provisions of its charter, is liable upon an implied contract or *quantum meruit* for the gas thus consumed.

"The doctrine of implied liability," says Mr. Justice Fields, "applies to cases where money or other property is received under such circumstances that the general law, independent of express con-

tract, imposes the obligation upon the city to do justice with respect to the same. If the city obtain money of another by mistake or without authority of law, it is her duty to refund it, not from any contract entered into by her on the subject, but from general obligation to do justice, which binds all persons, whether natural or artificial. If the city obtain other property which does not belong to her, it is her duty to restore it, *or, if used by her*, to render an equivalent to the true owner, from the like general obligation. The law, which always intends justice, implies a promise." Dillon on Municipal Corporations, Sec. 460.

In the case of *Gas Company* v. *San Francisco*, 9 Cal., 453, it was held that "a city is liable for gas furnished it, with knowledge of the council, though no ordinance or resolution was passed authorizing it to be furnished."

Says Mr. Morawetz, viz.: "But municipalities, as well as private corporations, must account for money or other property applied by their officers to authorized uses, although the money or property so applied was received under an agreement which was wholly void." *Hitchcock* v. *Galveston*, 96 U. S., 350, 351.

We are therefore of opinion that complainants are entitled to recover for the gas furnished, upon an implied contract or upon a *quantum valebat*. There was no error in the decree of the Court disallowing interest on complainants' recovery. Questions of fact and other assignments were disposed of orally.

The decree of the Chancellor is affirmed.