LAND CO. v. JELLICO.

(*Knoxville.*    October   4,   1899.)

1. MUNICIPAL CORPORATIONS.   *Contract of, invalid.*

A municipal corporation is not bound by a contract entered into
by its Board of Mayor and Aldermen at a special meeting, of
which some of the members were not legally notified and at
which they were not present.   (*Post, pp. 321, 322.*)

Cases cited: 36 Minn., 176; 52 Mich., 528; 75 Iowa, 271; 16 Kan.,
302; 22 N. Y., 128; 4 Cal., 77; 7 Conn., 214.

2. SAME.   *Liable on implied promise, when.*

A municipal corporation may be held upon an implied promise
for the benefits actually received under an invalid contract for
the improvement of its streets, when the contract was fair and
reasonable in its terms, and clearly within the scope of the
powers of the City Council, who were fully aware of its exist-
ence and infirmity, but nevertheless permitted it to go unre-
scinded and unchallenged, and allowed the other party to it
to continue work under it for several months and to comple-
tion, under the belief that all was satisfactory and with the
unquestionable result of large and permanent advantage to
the city.   (*Post, pp. 322, 323.*)

Cases cited: Gaslight Co. v. Memphis, 93 Tenn., 612; 96 U. S., 341;
9 Cal., 453; 15 L. R. A., 364; 6 L. R. A., 318; 23 Am. Rep., 144;
13 Oregon, 248.

3. LIMITATIONS.   *Statutes of, begins to run, when.*

Where a contract contemplates continuous acts until a certain
result is accomplished—*e. g.*, the making of specified improve-
ments of the streets of a city—an action for the value of the
labor done or of the benefits conferred does not accrue until
the final act is complete, and hence the statute of limitations
does not begin to run until that date.   (*Post, p. 323.*)

---

FROM    CAMPBELL.

---

Appeal from  Chancery  Court  of  Campbell  County.
H.  B.  LINDSAY,  Ch.

Land Co. *v.* Jellico.

E. H. POWERS and INGERSOLL & PEYTON for Land Co.

J. E. JOHNSTON and H. K. TRAMMELL for Jellico.

CALDWELL, J.   The London & New York Land Company brought this bill against the city of Jellico to recover a certain sum of money for grading one of defendant's streets, under a contract made for that purpose. The Chancellor dismissed the bill, but the Court of Chancery Appeals reversed his action, and pronounced a decree in favor of the complainant for $476.86.

The principal defense interposed by the city is rested upon the fact that the contract under which the grading was done was made at a special meeting of the Board of Mayor and Aldermen, called without notice to some of the Aldermen, and held in their absence.

The result of the authorities upon the subject is that, as a general rule, every member of a municipal council is entitled to reasonable notice of special meetings, and that no important action can lawfully be taken at such meeting unless such notice has first been given, or unless the members not notified actually attend and participate in the business of the meeting. 1 Dillon Mun. Corp., 4th Ed., Secs. 263, 286; 1 Beach on Pub. Corp., Sec. 271; 15 Am. & Eng. Ency. Law, 1035; *Lord* v. *Anoka,* 36 Minn., 176; *Beaver Creek* v. *Hastings,* 52 Mich., 528; *Board of Supervisors* v.

*Horton,* 75 Iowa, 271; *Poalo, etc., v. Commissioners,* 16 Kan., 302; *People* v. *Batchelor,* 22 N. Y., 128; *Harding* v. *Vandewater,* 40 Cal., 77; *Stowe* v. *Wyse,* 7 Conn., 214.

The present contract was confessedly subject to this general rule, and being so, it was undoubtedly invalid, and, nothing else appearing, the complainant would inevitably be repelled from Court. There is another aspect of the case, however, that demands the consideration of the Court.

The contract was fair and reasonable in its terms, and was within the scope of the powers conferred upon the council for the improvement of streets; it soon became known to the members of the council, who permitted it to go unrescinded and unchallenged, and allowed the complainant to continue the work through several months to completion, in the belief that all was satisfactory, and with the unquestionable result of large and permanent advantage to the municipality.

Having thus received benefits for which the council might well have contracted in a proper meeting, the city will not now be heard to deny liability therefor.

In such a case liability arises by implication of law, and payment must be made according to the benefits received. The law, which always intends justice, implies a promise. *Hitchcok* v. *Galveston,* 96 U. S., 341; 1 Dillon Mun. Corp., Sec. 460; *Gas Company* v. *San Francisco,* 9 Cal.,

453; *Columbus Water Company* v. *Columbus,* 15 L. R. A., 354; *Moore* v. *N. Y.,* 73 N. Y.; *Schipper* v. *Aurora,* 6 L. R. A., 318; *McDonald* v. *N. Y.,* 23 Am, Rep., 144; *Gaslight Co.* v. *Memphis,* 93 Tenn., 612; *Dowell* v. *Portland,* 13 Oregon, 248.

Since the price named in the invalid contract is shown to be entirely fair and reasonable, not only in view of the labor done, but also in reference to the benefits conferred, it will be taken as the true measure of recovery.

The plea of the statute of limitations must fail, because the work, although commenced more than six years before the filing of the bill, was not completed until a time within that period. Complainant's right of action accrued upon the completion of the work, and the statute began to run at that time, not sooner.

The other defenses will be mentioned in oral opinion. None of them are sufficient to defeat complainant's action.

The decree of the Court of Chancery Appeals is affirmed.