## J. B. PEPPER v. GAINESBORO TELEPHONE CO.

Middle Section.   October 10, 1925.

No petition for Certiorari was filed.

1. **Trespass.   Actual or constructive possession essential.**
    To maintain an action for trespass, plaintiff must show that he is either in the actual or constructive possession of the land.

2. **Appeal and error.   Judgment will be affirmed if bill of exceptions show there was other material evidence before trial court that was not included in bill of exceptions.**
    It is the duty of appellant to see that all the material evidence is included in the bill of exceptions. If the bill of exceptions discloses the fact that material evidence heard in the lower court upon a controverted issue is not included, the judgment must be affirmed.

3. **Trespass.   Oral testimony not objected to sufficient to show title to maintain trespass.**
    In an action in trespass to recover damages for cutting a tree where plaintiff proved his title by oral evidence which was not objected to, held sufficient proof of title to maintain the action.

4. **Damages.   Measure of damages for wrongful cutting of shade tree.**
    The measure of damages for the wrongful cutting of a shade tree held to be the difference in the market value of the realty immediately before and after the destruction of the tree.

5. **Appeal and error.   Error can not be raised on appeal that was not before trial court on motion for new trial.**
    The trial court can not be put in error by objections that were not drawn to his attention and were raised in the appellate court for the first time.

Appeal in Error from Circuit Court, Warren County; Hon. R. W. Smartt, Judge.

Affirmed.

Turner & Haston, of McMinnville, for Telephone Co.

J. Floyd Johnson, of McMinnville, for Pepper.

CROWNOVER, J. This case is not styled correctly. It is here styled as it was in the court below. It should be styled Gainesboro Telephone Company, plaintiff in error, v. J. B. Pepper, defendant in error, as judgment was rendered against the defendant below and it has appealed to this court.

This was an action for "damages for cutting a tree on plaintiff's land," that originated before a Justice of the Peace and was appealed to the circuit court of Warren county where it was tried by the judge and a jury. The defendant below filed two written pleas; first, a plea of not guilty, and second, that the plaintiff below was not the owner of the land upon which the tree had been cut.

At the close of all the evidence, the defendant below moved for a directed verdict because the plaintiff had not shown title or actual possession of the land at the time the tree was cut or destroyed. The court overruled the motion, and the jury returned a verdict for the plaintiff below in the sum of $175 compensatory damages and $75 punitive damages, making a total of $250 damages.

The defendant below moved for a new trial:

1. Because there was no evidence to sustain the verdict, and,

2. Because the court overruled its motion for peremptory instruction.

The motion for a new trial was overruled, and then the defendant moved in arrest of judgment on the same grounds, and for the same reasons set out in its motion for a new trial, which motion the court also overruled, and judgment for $250 and costs was accordingly entered. The defendant excepted and has appealed in error to this court, and has assigned three errors:

1. The court erred in not directing a verdict as plaintiff had failed to show title or actual possession.

2. The court erred in not setting aside the verdict and in not rendering a judgment for the defendant in accordance with its motion for a directed verdict, and,

3. There was no evidence to sustain the verdict.

It will thus be seen that there is only one question raised by the assignments of error, and that is, whether the plaintiff showed title or possession.

The proof showed that the plaintiff below had purchased seven town lots on the Sparta highway near the town of McMinnville, from a man by the name of Meadows, and that Meadows, had executed to him a deed for the same, which deed was offered in proof, read to the jury and filed, but was not copied into the transcript.

The plaintiff testified, without objection, that he had purchased these seven lots from Meadows in the year 1922, and had owned them ever since; that the tree cut down and destroyed was a large maple and was located on lot No. 1; that it was large enough to afford shade for four of said lots, and that there was no other shade tree on said lots; that he had purchased said lots for the purpose of building a residence, and that the tree was valuable as a shade tree, and enhanced the value of the lots for building purposes; that defendant's servants came to him and requested permission to trim said tree, which he granted and that thereafter, on the same day, they cut down and destroyed said tree, without his permission, but afterwards claimed that one Jackson, who had charge of the construction of the highway, had given them authority to cut it down.

Plaintiff's proof further showed that the lots were worth from $450 to $550 with the tree standing, but were worth not over $300 without the shade tree.

This is an action of trespass. In actions of trespass possession is the gist of the action, and the gist of the trespass is the injury to possession. Either actual or constructive possession is sufficient to maintain trespass. If the party is in actual possession under a deed, this is sufficient to maintain the action. If he is not in actual possession, he must show a legal title to the property, and then constructive possession will be presumed from the legal title. The law attributes the possession of property actually vacant to the person who has the superior title. This rule is applicable to suits to enjoin trespass as well as to actions for damages for trespass. The authorities are cited and reviewed in the case of Union Tanning Company v. Carson Lowe, 148 Tenn., 407, in which it is held, that holding under a mere deed purporting to convey title in fee is not sufficient where the party is not in actual possession, but the party must deraign his title back to the State, or show that he has the legal title by adverse possession. These principles are too well settled in Tennessee to admit of citation of authorities.

The proof showed that these were vacant lots, unenclosed and without any improvement or structures of any kind. However, the plaintiff proved, without objection, that he had purchased these lots in 1922 and had owned them ever since. He also proved that the servants of the defendants below recognized his title by asking permission to trim the trees. He filed his deed in evidence but the deed was not copied into the transcript. Now is parol testimony, unexcepted to, sufficient to prove title? We think it is. 23 C. J. 39.

Of course, his chain of title was the best evidence of title, but in the absence of the deed, this court must persume that the trial court

had sufficient evidence of title, and that parol evidence, unexcepted to, is some evidence upon which the jury predicated its verdict.

Where a bill of exceptions states that "this is all the evidence," but the record shows that there was other evidence not included in the bill of exceptions not copied into the transcript, then the judgment of the lower court must be affirmed. It is the duty of appellant to see that all the evidence is included in the bill of exception. If the bill of exception discloses the fact that material evidence heard in the lower court upon a controverted issue is not included, the judgment must be affirmed. Without the deed, we cannot judge of its legal effect. See, Southern Railroad Company v. Crohm, 4 Hig. 317; Nolen v. Wilson, 5 Sneed, 340; Battier v. State, 6 Cates, 563; Hackney Grocery Company v. Lawson, Administrator, manuscript opinion of this court at Knoxville. May term, 1923.

The parol testimony of the plaintiff below that he was the owner of the lots, where it was not excepted to, in addition to his deed, is sufficient to show that the legal title was in him.

It has been repeatedly held that the appellate court will not reverse on account of the admission of incompetent evidence unless the record shows that proper exception was made in the lower court. See, 5 Michie's Tenn., Ency., Dig. 165-6, 355 to 356; Simonton v. Buchanan, 2 Bax, 279; Ehlich v. Weber, 114 Tenn., 711. Even after the parol testimony had been introduced without objection, the defendants could have made a motion to exclude it before the jury retired. Moon v. The State, 146 Tenn., 319. This the defendant did not do, and it is therefore, bound by the evidence. Hence, we must assume that the jury had sufficient evidence to hold that plaintiff had the legal title to this property at the time the shade tree was cut and destroyed, and therefore, he was in the constructive possession of the property, which was sufficient to maintain this action.

It is insisted by the plaintiff in error, in its brief and argument, that under the allegations of the warrant the plaintiff below was entitled to only the commercial value of the tree, and that he was not entitled to the incidental damages to the land.

The warrant states that the defendant was summoned to "answer the complaint of J. B. Pepper in a plea of debt due by damages for cutting a tree on the plaintiff's land under $500." In other words, the plaintiff below sued for "damages for cutting a tree on the plaintiff's land." While the statement is very brief, still we think it is sufficient to cover any damages to the plaintiff's land incident to the destruction of the tree.

The defendant below moved in arrest of judgment but the motion did not raise the question of the sufficiency of the warrant; hence,

it waived any defense that it might have had on this question.

The measure of damages in an action of this kind is the difference in the market value of the realty immediately before and immediately after the destruction of the tree. Railway v. Gardner, 7 Hig., 212; Ross v. Scott, 15 Lea, 488.

"Where a thing, whether it be a building, a tree, or a shrub, is destroyed by a wrongdoer, the most natural and best measure of the damage is the value of the thing destroyed as pertinent to or part of the realty; and ordinarily the value of the thing destroyed would be the measure of the injury to the land. If, for any reason, the injury to the realty should be in fact less than the value of the thing destroyed, the plaintiff's recovery would be limited to the actual diminution of the value of the realty." See, 4 Sutherland on Damages, (3 Ed.), Sec. 1019.

"Surely the damages could not be in all cases accurately measured by the market value of the wood or timber cut. The trees might be a highly valuable appendage to the farm for purposes of shade or ornament; there might be very scant supply for a farm of that size or for other reasons they might have a special value as connected with a farm, although independant to and superior of their intrinsic value for purposes of building or fuel. As well you might remove the columns which support the roof or some part of the super-structure of a splendid mansion and limit the owner in damages to the value of these columns as timber or cord wood as to adopt the parallel rule in this case." See Foote v. Merrill, 54 N. H. 490; 20 Am. Rep. 151; 4 Sutherland on Damages (3 Ed.), Sec. 1019.

In actions of this kind it is not necessary to aver special damages. 2 Greenleaf on Evidence. (16 Ed.), 635a note 1; Argotsinger v. Vines, 82 N. Y. 308; Jutte v. Hughes, 67 N. Y. 267; Warrior Coal Co., v. Mabel Mining Co., 112 Ala. 624.

The plaintiff in error did not rise the question of the excessiveness of the verdict in its motion for a new trial nor in the assignments of error, but in the argument in this court merely raise the proposition that the measure of damages should be the commercial value of the tree. It does not even raise the question of the sufficiency of the warrant in its motion in arrest of judgment. The objection to punitive damages is not raised at all. The charge of the court is not preserved in the bill of exceptions. Hence, the question about the measure of damages, so far as the record shows, was not raised in the court below, nor is it properly raised in this court. The trial court cannot be put in error by objections

raised in this court for the first time that were not drawn to his attention. See 5 Michie's Tenn. Ency. Dig., 100 to 102.

The assignments of error must specifically point out the errors relied upon. See 5 Michie's Tenn. Ency. Dig., 50; Rule 11, subsections 4 and 5 of this court. 151 Tenn. 815.

The primary and essential function of a motion for a new trial or of an exception is to direct the mind of the trial judge to the single and precise point in which it is supposed that he has erred in law, so that he may reconsider it and change his ruling if convinced of error, and that injustice and mistrials due to inadvertent errors may thus be obviated. The exceptions, therefore, furnishes no basis for reversal upon any ground other than the one specifically called to the attention of the trial court.

It results that the assignments of error must be overruled, and the judgment of the lower court affirmed. The cost of the appeal is adjudged against appellant and sureties on his appeal bond, for which execution may issue.

Faw P. J., and DeWitt J., concur.