STOCKSTILL v. LIFE & CASUALTY INS. CO.

Middle Section.    April 25, 1933.

.Petition for Certiorari denied by Supreme Court, December 9, 1933.

Sam C. Tigert, of Fayetteville, for plaintiff in error Stockstill.

Moreau P. Estes, of Nashville, for defendant in error Insurance Co.

CROWNOVER, J. This was an action by the beneficiary to collect the value of an insurance policy of $140 on the life of Wiley B. Stockstill, deceased.

The action originated in a justice's court where judgment was rendered in favor of the plaintiff. Defendant appealed to the circuit court of Lincoln county, where the case was tried to the judge and a jury. At the hearing, in response to the request of the judge that they state their cases, the plaintiff stated that his action was for the collection of an industrial policy of insurance of $140 on the life of Wiley B. Stockstill. Defendant stated:

"Gentlemen: Two weekly payments were made of 35 cents each or 70 cents, which we offer back in open court. We insist that the policy is void because of its terms—that the insured was not in sound health when it was taken out."

At the close of plaintiff's testimony, defendant moved the court for a directed verdict in its favor on the ground "that the policy was not delivered and accepted during the lifetime of the assured and the terms of the policy on its face contains such a provision."

The judge instructed the jury to return a verdict for the defendant because the policy was not delivered and accepted during the lifetime and sound health of the insured, which was accordingly returned and plaintiff's suit dismissed.

Motion for a new trial having been overruled, plaintiff appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The court erred in peremptorily instructing the jury.

(2) The court erred in charging the jury to return a verdict for the defendant because the policy was not delivered and accepted during the lifetime and sound health of the insured, as defendant had stated to the court that its defense was that the policy was not delivered and accepted during the lifetime of the assumed.

(3) The court was in error in giving the jury peremptory instructions to find in favor of the defendant and then, without any verdict being rendered by the jury, discharging the defendant.

Wiley B. Stockstill, of Fayetteville, on May 21, 1932, signed an application for a policy of industrial insurance in the defendant, Life & Casualty Company, and paid to the agent seventy cents, the premium for the first two weeks. The policy was issued by the insurance company, in Nashville, under date of June 13, 1932, and mailed to the company's agent at Fayetteville, who, instead of delivering it immediately, waited until he should make a trip out to the mill.

On June 15th Wiley B. Stockstill became ill with acute indigestion and died within a few minutes.

After his death, the local agent delivered the policy to his family. It was delivered on or about the 17th of June.

Proof of death was furnished the insurance company. The company refused to pay the amount of the policy, because the proof of death, filled out by Dr. Yearwood, showed that he died from a disease called cardiorenal, which he had had since 1931, and the policy contained provisions that the same should be delivered and accepted while assured was in sound health, and that the policy might be canceled if assured should within two years develop any disease of the heart, etc.

1. The court was correct in charging the jury that, if the policy provided on its face that the insured must be of sound health at the

time the policy was delivered, and the proof showed that he was already dead when it was delivered, then there could be no recovery. 1 Cooley's Briefs on Insurance (2 Ed.), 662; McLendon v. Woodmen of the World, 106 Tenn., 695, 64 S. W., 36, 52 L. R. A., 444; 1 Couch on Insurance, 232, section 125.

The court was correct in charging the jury that, if the assured had died before the delivery and acceptance of the policy containing those conditions, the beneficiary could not recover. 1 Cooley's Briefs on Insurance (2 Ed.), 638.

The policy was sent up with the record, but was not included in the bill of exceptions, and was not properly authenticated, therefore it is not properly in evidence, but the record shows that the policy was introduced in evidence below and was considered by the court, therefore the judgment on directed verdict must be affirmed because the bill of exceptions did not contain all the evidence. Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App., 394. Although the bill of exceptions states that it contains all the evidence, yet, if it shows on its face that it does not contain all the evidence, the judgment must be affirmed. Pepper v. Gainesboro Telephone Co., 1 Tenn. App., 175. This being a law case tried by a jury, there is a presumption that the judgment of the lower court is correct, in the absence of a showing to the contrary. And, as the bill of exceptions does not contain all the evidence, it is not complete, and we must assume that it contains sufficient evidence to support the judgment. Pepper v. Gainesboro Telephone Co., supra; Cosmopolitan Life Ins. Co. v. Woodward, supra.

2. It is contended by plaintiff that the insurance company changed its defense in the circuit court, that it stated to the court at the outset of the trial that it refused to pay the policy because the insured "was not in sound health when it was taken out," and then moved for a directed verdict because "the policy was not delivered and accepted during the lifetime of the assured."

A condition of an insurance policy that applicant must be alive and in sound health when the policy is delivered is valid and binding on the assured. Life & Casualty Ins. Co. v. King, 137 Tenn., 685, 195 S. W., 585; Metropolitan Life Ins. Co. v. Chappell, 151 Tenn., 299, 269 S. W., 21; Metropolitan Life Ins. Co. v. McGowan, 2 Tenn. App., 341.

Under the terms of the policy, either of the above grounds was a defense to same. The proof was that the policy was delivered after Stockstill was dead; therefore it was not delivered to him or accepted by him while in sound health. These are not different grounds. The proof was the same. There was no surprise, and no one was misled.

3. Plaintiff's third assignment of error is that the court erred in entering judgment when the jury had failed to return a verdict as directed; it being insisted that the jury failed to return any verdict.

542

The order entering judgment recites that the jury returned a verdict for defendant, as directed, and this assignment must be overruled.

All the assignments of errors must be overruled, and the judgment dismissing the action must be affirmed. The cost of the cause, including the cost of the appeal, is adjudged against appellant, Stockstill.

Faw, P. J., and DeWitt, J., concur.