STATE OF TENNESSEE for Use and Benefit of HENDERSON COUNTY, Tennessee, ex rel. A. E. HANOVER, I. EDWIN HANOVER, and H.. R. HANOVER, and A. E. HANOVER, I. EDWIN HANOVER, and H. R. HANOVER, Individually, a Partnership Doing Business as the Southern Oil and Grease Company, v. GEORGE TILLMAN STEWART, Globe Indemnity Company, and Henderson County, Tennessee.—
326 S. W. (2d) 688.

Western Section. April 28, 1959.

Certiorari Denied by Supreme Court July 27, 1959.

76

Barry & Walker, Lexington, for appellants.

Joe A. Appleby and Joe C. Davis, Lexington, for appellees, A. E. Hanover et al., d/b/a Southern Oil and Grease Co.

J. Ross McKinney, Huntingdon, for George Tillman Stewart, County Supt.

Goodpasture, Carpenter, Dale & Woods, Nashville, for Globe Indemnity Co., surety on bond of George Tillman Stewart.

BEJACH, J. This cause involves an appeal by Henderson County and its Board of Education from a decree for $653.87, against them and in favor of A. E. Hanover, I. Edwin Hanover, and H. R. Hanover, d/b/a Southern Oil and Grease Company, for supplies purchased by George Tillman Stewart, the County Superintendent of Schools. The Board of Education and its members were not originally made parties to this suit, but the final decree recites that complainant moved the Court for permission to amend the bill so as to add as parties the members of the County Board of Education of Henderson County, viz., Roy Martin, Berlin Grant, Chester Stephens, Dayton McDaniel, Jr., Fred Sellers, Hooper Blankenship, Aelis Bivens, James Pope Thomas, Hasting Jones, and Gene Helms; whereupon, it was

agreed and stipulated "that the bill be and stand amended so as to show said parties as members and constituting the Board of Education of Henderson County Tennessee, as defendants in the cause and subject to the orders of the Court in the cause without the necessity and expense of issuing for and serving on them formal process and that the defenses to the bill filed on behalf of Henderson County Tennessee be adopted and stand as the defenses of said Board of Education to complainants' bill." The final decree entered in the lower court dismissed the cause as to the County Superintendent, George Tillman Stewart, and the Globe Indemnity Company, surety on his official bond, and no appeal from that decree was prayed or perfected by complainants. The assignments of error filed in this Court on behalf of appellant, Henderson County, do not specifically include the Board of Education and its members as appellants, but the appeal bond does include the Board of Education of Henderson County as a party thereto, and the motion in this Court for the issuance of the writ of certiorari on suggestion of diminution of the record also includes said Board of Education, along with Henderson County, as appellants. We think that is sufficient to entitle the Henderson County Board of Education to the benefit of any adjudication here made in favor of Henderson County.

The principal defenses made by appellants in the lower court, and the only ones material to the result reached in this Court, are that the purchases made on behalf of Henderson County and its Board of Education, for which compensation is sought in this cause, were made in violation of Chapter 635 and Chapter 642, Private Acts of 1947. Chapter 635 requires the County Superintendent to abide by the budget adopted by the Quarterly County

Court. The law requiring a budget and the adoption of such budget was shown. Chapter 642, Private Acts of 1947, creates the office of County Purchasing Agent for Henderson County, and provides that "The County Purchasing Agent shall have the exclusive power and authority to contract for and purchase all materials, and supplies, and equipment of every kind, whatsoever, for the use of every official, agent, servant, department, or agency of, or supported by, or under the control of the County Government; and no official, employee, or agent of the County or any of its departments or agencies shall contract for or purchase any such materials, supplies, or equipment", and provides further that, "Henderson County, Tennessee, shall be liable for the payment of all purchases made under the provisions of this Act but shall not be liable for the payment of any purchases made contrary to its provisions."

This cause was tried on oral evidence before the Chancellor; and, some of the testimony, but not all of it, is preserved in a narrative bill of exceptions filed as part of the record of this cause. A jury had been demanded, and summons for jurors had been issued on January 22, 1957, but by agreement of the parties filed in the cause January 28, 1957, the jury was waived and it was agreed that the cause be heard without the intervention of a jury on oral evidence. It may be that such waiver of the jury and agreement to try the cause on oral evidence, without including in said agreement a provision that the cause should be heard "according to the forms of Chancery" resulted in an irregular hearing of this cause. (See Section 563, Gibson's Suits in Chancery, 5th Ed.) We consider this immaterial, however; because, even if the cause was tried irregularly, same comes to us under the provi-

sions of Section 27-303, T. C. A., and must be treated as an equity appeal, accompanied by a presumption of the correctness of the decree in the trial court. Patterson v. Anderson Motor Co., Inc., 45 Tenn. App. 35, 319 S. W. (2d) 492, 494.

Several motions have been made in this cause which must be disposed of before we can consider the case on its merits. First, there is a motion made by the Globe Indemnity Company to dismiss the appeal as to George Tillman Stewart and Globe Indemnity Company, his surety, on the ground that, as to them, no appeal was prayed by the original complainants. At the hearing of this cause, before this Court, it was conceded in open court by counsel for all parties that this motion was well taken. Same was accordingly sustained at that time, without argument, and need not be further considered. Next, there is a motion made by appellees, A. E. Hanover, I. Edwin Hanover, and H. R. Hanover to strike the bill of exceptions and affirm the judgment of the lower court. This motion is based upon the proposition that, although the bill of exceptions contains a recital, "This was all the evidence submitted at the hearing of the cause", nevertheless, it affirmatively appears that said bill of exceptions does not contain all of the evidence. When this motion was filed, Henderson County and the Henderson County Board of Education, through their counsel, promptly countered with a motion "for a writ of certiorari to correct omissions in record", by which motion they undertake to suggest diminution of the record in this cause and correct same by having the Clerk and Master of the Chancery Court of Henderson County certify and send up to this Court Exhibit 1 to the cross-examination of E. W. Essary, being a copy of the pur-

chase order form used by said Essary as purchasing agent for Henderson County, Tennessee, and Exhibit 1 to the cross-examination of witness E. L. Stewart, being a copy of a warrant in the amount of $189, countersigned by the said E. L. Stewart as County Judge of Henderson County, Tennessee. This last motion will be disposed of first. It must be denied, because what appellees are seeking to do by this motion and suggestion of diminution of the record is to correct the bill of exceptions, which is itself only a part of the record, and such correction cannot be permitted. Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App. 394; Kennedy v. Kennedy, 84 Tenn. 736; Steele v. Davis, 52 Tenn. 75; Prudential Ins. Co. v. Sambucetti, 1 Tenn. Civ. A. 127.

In support of their motion to strike the bill of exceptions, counsel for appellees cite the cases of Pepper v. Gainesboro Telephone Co., 1 Tenn. App. 175; Gifford v. Provident Life Ins. Co., 16 Tenn. App. 21, 64 S. W. (2d) 64; Stockstill v. Life & Cas. Ins. Co., 16 Tenn. App. 538, 65 S. W. (2d) 243. The case of Pepper v. Gainesboro Telephone Co., 1 Tenn. App. 175, involved an action for trespass for cutting a tree on plaintiff's land, and the item of evidence omitted from the bill of exceptions was a deed to plaintiff's property. In disposing of this question, the Court of Appeals (Middle Section), speaking through Crownover, J., said:

"Of course, his chain of title was the best evidence of title, but in the absence of the deed this Court must presume that the trial court had sufficient evidence of title, and that parole evidence, unexcepted to, is some evidence upon which the jury predicated its verdict.

"Where a bill of exceptions states that 'This is all the evidence,' but the record shows that there was other evidence not included in the bill of exceptions, not copied into the transcript, then the judgment of the lower court must be affirmed. It is the duty of appellant to see that all the evidence is included in the bill of exceptions. If the bill of exceptions discloses the fact that *material evidence* (emphasis ours) heard in the lower court upon a controverted issue is not included, the judgment must be affirmed. Without the deed we cannot judge of its legal effect. See Southern Railroad Co. v. Crohm, 4 Hig. 317 [4 Tenn. Civ. A. 317]; Nolan v. Wilson, 5 Sneed [332] 340 [37 Tenn. 332]; Battier v. State, 6 Cates 563 [114 Tenn. 563, 86 S. W. 711]; Hackney Groc. Co. v. Lawson, Adm., Manuscript Opinion of this Court at Knoxville, May term, 1923.

"The parole testimony of the plaintiff below that he was the owner of the lots, where it was not excepted to, in addition to his deed, is sufficient to show that the legal title was in him." Pepper v. Gainesboro Telephone Co., 1 Tenn. App. 177-178.

In the case of Pepper v. Gainesboro Telephone Company, the sole question presented on appeal was whether or not the defendant's motion for a directed verdict should have been sustained, or, stated differently, whether there was any evidence to justify the jury's verdict. Obviously, this required an examination of the evidence presented to the jury, and the omission of any material evidence from the bill of exceptions resulted in application of the conclusive presumption that sufficient evidence had been offered to sustain the jury's verdict.

In the case of Gifford v. Provident Life Insurance Company, 16 Tenn. App. 21, 64 S. W. (2d) 64, there was involved a suit on a life insurance policy; and, as in the case of Pepper v. Gainesboro Telephone Co., the material issue on appeal was whether or not there was sufficient evidence to justify the jury's verdict. In this case, Crownover, J., speaking for the Court of Appeals (Middle Section), said:

"It is insisted by the defendant that there was no satisfactory proof of the death of the assured while the policy was in force furnished by the beneficiary to the insurance company before the suit was brought, and therefore complainant cannot maintain this suit. We think that this insistence is not well made, for the reason that it appears that the policy and proof of death were read to the jury, but they were not preserved in the bill of exceptions. There is an insurance policy and proof of loss attached to the record, but not made a part of the bill of exceptions, and none of these documents are identified or authenticated by the trial judge; hence, these documents are not part of the record in this court and cannot be looked to as evidence. Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App. 394. They were not marked filed.

"* * * The policy and proof of loss not being in evidence, we cannot look to the documents to see whether * * * it should have been satisfactory to the insurance company. The fact that the bill of exceptions contained the statement that it contained all the evidence will not be considered if it is apparent that this statement is untrue, and the bill of excep-

tions not being complete, we must assume that the proof was sufficient to sustain the verdict and judgment." Gifford v. Provident Life Ins. Co., 16 Tenn. App. 29-30, 64 S. W. (2d) 68.

The case of Stockstill v. Life & Cas. Ins. Co., 16 Tenn. App. 538, 65 S. W. (2d) 243, also involved a suit on a life insurance policy, and the issue on appeal was whether or not there was sufficient evidence to warrant submission of the case to the jury. The trial judge had granted a peremptory instruction in favor of the defendant, on the ground that the assured had died before the policy was delivered. In this case, the Court of Appeals (Middle Section), again speaking through Crownover, J., said:

"The court was correct in charging the jury, that if the assured had died before the delivery and acceptance of the policy containing these conditions, the beneficiary could not recover. 1 Cooley's Briefs on Insurance (2 Ed.) 638.

"The policy was sent up with the record, but was not included in the bill of exceptions, and was not properly authenticated, therefore it is not properly in evidence, but the record shows that the policy was introduced in evidence below, and was considered by the court, therefore the judgment on directed verdict must be affirmed because the bill of exceptions did not contain all the evidence. Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App. 394. Although the bill of exceptions states that it contains all the evidence, yet, if it shows on its face that it does not contain all of the evidence, the judgment must be affirmed. Pepper v. Gainesboro Telephone Co., 1 Tenn. App. 175. This being a law case tried by a

Jury, there is a presumption that the judgment of the lower court is correct, in the absence of a showing to the contrary. And, as the bill of exceptions does not contain all the evidence, it is not complete, and we must assume that it contains sufficient evidence to support the judgment. Pepper v. Gainesboro Telephone Co., supra; Cosmopolitan Life Ins. Co. v. Woodward, supra." Stockstill v. Life & Cas. Ins. Co. 16 Tenn. App. 541, 65 S. W. (2d) 245.

■ The rule which we deduce from the cases relied on by appellees, and from other cases therein cited, or which we have found by independent research, is that notwithstanding a recital in a bill of exceptions that it contains all of the evidence, if it affirmatively appears that other evidence was introduced in the lower court, which either was or might have been *material*, and where consideration of the evidence is material to the issues raised on appeal, the recital in the bill of exceptions that it contains all the evidence will be ignored and the judgment of the lower court affirmed. Applying this rule to the instant case, we find that the determinative issue on appeal is not whether there was sufficient evidence to sustain the decree of the lower court, but is one of law, viz., whether or not any decree could properly have been entered against Henderson County, when, as is shown by the proof preserved in the record, appellees did not comply with the provisions of Chapter 642, Private Acts of 1947.

In the instant case, it is our opinion that the exhibits omitted from the bill of exceptions, and which exhibits appellees seek unsuccessfully to have incorporated therein, have no material bearing on the issue of law

which we are called upon to decide. Exhibit (1) to the cross-examination of E. W. Essary, the County Purchasing Agent, was merely a blank form used by said purchasing agent, and did not purport to be the form used in connection with the particular purchases involved in the instant case. Exhibit (1) to the cross-examination of witness E. L. Stewart, the County Judge, is merely a copy of the warrant for $189 date February 28, 1955, signed by said County Judge and issued in making a payment to Southern Oil and Grease Company on its account. If the approval of the county purchasing agent was a necessary prerequisite for payment by Henderson County of appellees' account, we think it is immaterial, with reference to the balance of said account, that part payment in the amount of $189 may have been made without such approval. Besides, it appears in the memorandum filed by the Chancellor, "The Court is further of the opinion from the testimony of the purchasing agent himself that he did approve the purchase of some of the items and that he probably would have approved all of them if they had been submitted to him", and a similar recital is contained in the final decree. The partial payment of $189 might, perhaps, be considered as justified by the partial approval of the county purchasing agent, if such partial approval was in fact given; but, an examination by this Court of a copy of said warrant, or even of the original of same, could throw no additional light on that question, nor on any other question which we are called on to decide in this case.

We have found no Tennessee authority directly in point on the specific question presented by the motion to strike the bill of exceptions in the instant case. The subject is discussed, however, in 3 Am. Jur. Appeal and

Error—Section 658, page 260, from which we quote, as follows:

"The necessity for a complete bill of exceptions varies according to the question sought to be raised. If a review on the weight and sufficiency of evidence is desired, the bill must contain all the evidence. And while this is true in certain other instances, in many cases a complete bill of exceptions is not necessary. The purpose of a bill of exceptions being to provide the reviewing court with a succinct and intelligible statement of the errors concerning which complaint is made on the appeal, it is not necessary in all cases to send up a transcript of the whole testimony and proceedings at the trial, but only sufficient to present the errors complained of."

■■ In the case of Zanola v. Hall, 43 Tenn. App. 298, 307 S. W. (2d) 941, 943, certiorari denied by Supreme Court December 6, 1957, this Court approved a bill of exceptions which admittedly did not contain all of the evidence adduced in the trial court, the certificate on same being, "This was all the evidence in the case material to the issue raised on appeal." In that case, the issue was whether or not there was sufficient evidence to warrant submission of the case to the jury. The evidence omitted from the bill of exceptions in that case consisted of medical testimony and other testimony dealing with the nature and extent of the injuries and other damages sustained by plaintiffs, which obviously could throw no light on the issue raised on appeal. All of the testimony of all of the witnesses whose testimony appellants contended entitled them to have the issues submitted to a jury, was incorporated in the bill of excep-

tions, and this Court held that to be sufficient for the purposes of that particular case. By the same token, it is our opinion that the specific exhibits omitted from the bill of exceptions in the instant case could throw no light, either pro or con, on the legal question presented by appellants in the instant case, viz., that they are entitled to have the judgment against them reversed because of failure to comply with the provisions of Chapters 635 and 642, Private Acts of 1947. Furthermore, the bill of exceptions in the instant case is a narrative bill of exceptions; and it is common knowledge that that type of bill of exceptions is nearly always less complete than one made up from a stenographic report of the testimony adduced at the trial. The bill of exceptions in the instant case does contain the recital, "This is all the evidence submitted at the hearing of the cause"; and, although, in spite of that recital, it does appear affirmatively, and independently of the narrative form, that some evidence was introduced at the hearing which is not included in the bill of exceptions; nevertheless, for the reasons stated, we think it is adequate and sufficient for presenting the issues to be disposed of on this appeal. The motion to strike the bill of exceptions and affirm the case, is accordingly denied.

This brings us to consideration of the merits of the appeal. Here again the issues are not presented as clearly as might be. The assignments of error purport to be filed on behalf of appellant Henderson County, without any mention of the Henderson County Board of Education. As stated above, however, the appeal bond of April 10, 1958, is filed on behalf of both Henderson County and its Board of Education. It contains the recital, "But this obligation to be void if the said Henderson

County and the Board of Education of Henderson County, Tennessee who prayed an appeal to the next term of the Court of Appeals at Jackson, Tennessee, from a decree rendered against them in favor of the said A. E. Hanover, I. Edwin Hanover and H. R. Hanover, d/b/a Southern Oil and Grease Company by the Chancery Court at Lexington, at a vacation term in April 1958, shall pay and satisfy the amount of debt, damages and costs, the said Court of Appeals may adjudge against them in this cause." Also, the motion to suggest diminution of the record and for writ of certiorari to correct same, disposed of above, purports to be the "Motion of Appellants, Henderson County, Tennessee, and the Board of Education of Henderson County, Tennessee." We think this is sufficient to entitle the Board of Education of Henderson County to the benefits of any assignments of error filed on behalf of Henderson County, which may be sustained by this Court.

█ The assignments of error are seven in number. It will not be necessary to copy them into this opinion. One of them questions the action of the Chancellor in dismissing the bill against the defendant, George Tillman Stewart, and the Globe Indemnity Company, the surety on his bond. This question has been eliminated by granting of the motion to dismiss the appeal as to said George Tillman Stewart and his said surety, referred to above. In any event, as a co-defendant, Henderson County would not be entitled to affirmative relief against the County Superintendent and his surety, no cross bill having been filed. Gibson's Suits in Chancery, 5th Ed., Sec. 601. The other assignments of error, whether considered separately or all together, present the question of whether Henderson County and its Board of Education should

be relieved of liability and the decree against them reversed, because of violation of Chapters 635 and 642, Private Acts of 1947.

Chapter 635, Private Acts of 1947, imposes on the County Superintendent of Public Instruction for Henderson County the duty of "abiding by the budgets adopted by the County Quarterly Courts of said Counties for the elementary and high schools of said Counties." Henderson County operates under a budget system provided for in Chapter 797, Private Acts of 1935, which must be considered in connection with the provisions of Chapter 635, Private Acts of 1947.

The narrative bill of exceptions filed in this cause shows that the Tennessee State Auditor testified to the effect that he had audited the office of George Tillman Stewart, Superintendent of Schools, that his audit showed an unpaid account in favor of Southern Oil and Grease Company of $653.87, and that there was an overdraft in the operations account of the school budget of $4,185.08. His testimony also reflects that there was a balance in the over-all budget above expenditures of $40,646.39, resulting from the fact that prior to the term of office of the present Superintendent of Schools, the Quarterly County Court had borrowed $50,000 for the operation of the county schools, that this item of $50,000 was carried forward from year to year, it being in the form of a short term note paid each year and reborrowed from the banks, that certain items of the budget were overdrawn in the amount of $6,396.74, and that certain other items of the budget were not expended in the total amount of $47,987.04, thus leaving an over-all surplus in excess of $40,000 for the year 1954-1955, which is the year material to this litigation. In his memorandum, the

Chancellor said, "It is quite probable that the 1954-55 budget was technically exceeded by the purchases represented by this account. That is, this expenditure would have increased the allowance made for the item which includes such expenditures to the point of excess. However, the Court is of the opinion that the over-all budget would not have been exceeded by these expenditures, although some transfers could have been required. The budget law is a wholesome safeguard to the County's financial interest. There is no criticism of those who invoked it as a defense in this suit. However, we must remember that the Legislature's intent was to protect the County, rather than to punish the county officials or their bondsmen." The final decree entered in this cause contains the following recital, "And after hearing and duly considering same, the Court was of the opinion that there was no privity of contract between the complainant and the defendant Globe Indemnity Company, and that as to the said defendant, the cause should be dismissed, and it appearing further that the defendant George Tillman Stewart received no benefit from the purchases made and that the same were made for the benefit of the schools of Henderson County, Tennessee, and that the said purchases were necessary, and Henderson County received the benefit therefrom, and according to the testimony of purchasing agent, he approved the purchase of some of the items and probably would have approved all of them if they had been submitted to him. And it further appearing that the purchases made from the complainant were made in a manner and under the custom and practice heretofore followed in buying supplies for the schools, and that Henderson County should be held responsible for the payment of complainants' claim, and

the Court is of opinion that the over-all budget was not exceeded.'' In view of the fact that the original complainants did not appeal from the decree dismissing the cause as to the County Superintendent, George Tillman Stewart, and his surety, the Globe Indemnity Company, and also because of the previous action taken by this Court in granting, by consent, the motion to dismiss the appeal as to said County Superintendent, George Tillman Stewart, and the Globe Indemnity Company, we think the assignments of error, which attack the validity of the decree of the lower court against Henderson County and its Board of Education, on the ground that the County Superintendent had exceeded the applicable budget, should be overruled.

We next consider the question raised by the assignments of error which present the contention that the decree of the lower court against Henderson County and the Henderson County Board of Education should be vacated and the bill filed in this cause dismissed as to them, because of failure on the part of the original complainants, to comply with the provisions of Chapter 642, Private Acts of 1947 which created the office of Purchasing Agent for Henderson County. The constitutionality of Chapter 192, Private Acts of 1931, which provided for a purchasing agent for Knox County, designated as a clerk who would serve under and be appointed by the County Judge, was upheld in the case of State ex rel. Llewellyn v. Knox County, 165 Tenn. 319, 54 S. W. (2d) 973; and the policy of such legislation was therein approved. One of the principal grounds of attack in the Knox County case was that the Act in question created a County officer who was not elected by either the Quarterly County Court or the people of Knox County. This

objection was overruled on the ground that the purchasing agent for Knox County held a clerical position, only, and was not a county officer. The Henderson County purchasing agent provided for in Chapter 642, Private Acts of 1947, is, on the other hand, specifically designated therein as a County Officer; but the Act provides for his election by vote of the people of Henderson County. No question has been raised as to the constitutionality of the Henderson County statute, and we apprehend that none could successfully be made. In the Knox County case, the Supreme Court, speaking through Mr. Justice Chambliss (later Chief Justice), said:

"The duties of purchasing agent for municipalities and other governmental agencies, as well as the larger private and quasi public corporations, are quite generally recognized. It is a matter of common knowledge that under modern conditions the use of a purchasing agent has been quite generally adopted as a means of consolidating the buying of supplies, in the interest of economy and approved accounting. Designation of one as 'the purchasing agent' of a city, county, or other corporation, clearly carries the idea that it is through such agent that the supplies needed in operation of the enterprise are purchased." State ex rel. Llewellyn v. Knox County, 165 Tenn. 327, 54 S. W. (2d) 975.

Section 2 of Chapter 642, Private Acts of 1947 provides as follows:

"Be it further enacted, That the County Purchasing Agent shall have the exclusive power and authority to contract for and purchase all materials, supplies, and equipments of every kind whatsoever for

use of every official, agent, servant, department, or agency of, or supported by, or under the control of the County Government; and no official, employee, or agent of the County or of any of its departments or agencies shall contract for or purchase any such materials, supplies, or equipment, and said Purchasing Agent shall have the exclusive power and authority to issue all warrants in payment of purchases and contracts made pursuant to the provisions of this Act.''

Said Act further provides in paragraph 2 of Section 8 of same, as follows:

''Henderson County, Tennessee, shall be liable for the payment of all purchases made under the provisions of this Act but shall not be liable for the payment for any purchases made contrary to its provisions.''

In the case of Kreis & Co. v. City of Knoxville, 145 Tenn. 297, 237 S. W. 55, the Supreme Court reversed a decree of the lower court against the City of Knoxville for additional work on a pump pit, which extra work had been authorized by the City's Commissioner of Water Works with the assurance that same would be paid for by the City, because a provision of the City Charter required that contracts for such extra work must be in writing and approved by the City's Board of Commissioners. From the opinion of the Supreme Court, written by Mr. Justice Hall, we quote as follows:

''The board of commissioners had the power to contract for this additional work on the pump pit which it was having constructed, but the city's charter. expressly provided how such contract should be

made. It expressly provides that the contractor shall not be allowed anything for such extra work unless such work is agreed to in writing and signed by the contractor and approved by the Board. There is no contention that these provisions of the Charter were complied with. Therefore, complainant cannot recover on either a contract express or implied. The fact that the board subsequently agreed to compromise complainants' claim cannot give it validity, because the contract under which the work was done was void. And under the provisions of the city's charter, complainants were expressly prohibited from receiving anything for said work.

"One dealing with municipal officers, boards, or committees is bound at his peril to take notice of the limitations of their authority. 28 Cyc. 649, and the many cases there cited." Kreis & Co. v. City of Knoxville, 145 Tenn. 304-305, 237 S. W. 57.

In our opinion, the instant case is controlled by the Supreme Court's decision in the Knoxville case. In the instant case, as in the Knoxville case, no serious contention is made that the provisions of Chapter 642, Private Acts of 1947 were complied with. On the contrary, the proof shows that complainant's representative, Basist, who made the sale of supplies here involved, was specifically told of the necessity of dealing through the County Purchasing Agent. It is true the Chancellor's opinion said, "The Court is further of the opinion from the testimony of the purchasing agent himself that he did approve the purchase of some of the items and that he probably would have approved all of them if they had been submitted to him"; but the bill of exceptions fails

to record any testimony of the purchasing agent, E. W. Essary, Jr., which could possibly justify such finding of fact by the Chancellor, and said finding of fact, without any evidence to support it, is assigned as error by appellant, Henderson County.

It is apparent from the Chancellor's memorandum, which is part of the record, that he based his decree against Henderson County and its Board of Education on the theory of quantum meruit. From the Chancellor's memorandum, we quote as follows:

"The proof shows without question that the merchandise furnished was needed; that the price charged was reasonable and customary; and that the County received the benefit of every purchase made. * * * The Court is further satisfied that the procedure followed in this case is the same followed in the past."

This brings us to the question of whether or not recovery may be had against a county on the basis of quantum meruit. The law of Tennessee on this subject is ably summarized in the case of Carter County v. Williams, 28 Tenn. App. 352, 362-363, 190 S. W. (2d) 311. From the opinion of the Court of Appeals (Eastern Section) in that case, written by McAmis, J. (now Presiding Judge of this Court), we quote, as follows:

"May recovery be allowed on quantum meruit? Cases in this State dealing with the question may be divided into two groups: (1) cases where there is a definite and positive statutory inhibition against the claimant receiving remuneration unless the claim is supported by a contract executed in accordance with

the statute, and (2) cases where there is no such proscription and the debt is based upon an irregularly executed or void contract for a benefit for which a lawful contract might have been executed if procedural requirements had been followed. The distinction between the two classes is clearly drawn in Kreis & Co. v. City of Knoxville, 145 Tenn. 297, 237 S. W. 55, later cited in Trotter v. Peterson, 166 Tenn. 142, 60 S. W. (2d) 149, 153, where the principle of the distinction was applied and a county held liable on an implied contract to the extent **an unauthorized** bank loan was used 'in the improvement of the county's property'. As sustaining this holding cases of the second class are cited, viz. Madison County v. Gibbs, 77 Tenn. 383; Gas-Light Co. v. [City of] Memphis, 93 Tenn. 612, 30 S. W. 25; Land Co. v. Jellico, 103 Tenn. 320, 52 S. W. 995; Burns v. [City of] Nashville, 142 Tenn. 541, 591, 597, 221 S. W. [828] 848. Cases of the first class are distinguished in the opinion.''

''We think this case falls within the second class.'' Carter County v. Williams, 28 Tenn. App. 362-363, 190 S. W. (2d) 315.

■ In our opinion, the instant case falls within the first class referred to in Carter County v. Williams, and complainants' right to recover from Henderson County and its Board of Education must, therefore, be denied. The provisions of Chapter 642, Private Acts of 1947 quoted above, clearly preclude recovery on a quantum meruit basis.

For the reasons stated, we think the assignments of error which attack the decree for $653.87 against Henderson County and its Board of Education because of failure to comply with the provisions of Chapter 642, Private Acts of 1947 must be sustained. It results that the decree of the Chancellor will be reversed and this cause dismissed. The costs of the cause will be adjudged against the relators, A. E. Hanover, I. Edwin Hanover, and H. R. Hanover, d/b/a Southern Oil and Grease Company, and their surety on the cost bond filed in the lower court.

Avery, P.J. (Western Section), and Carney, J., concur.