GRIDER *v.* FISKE *et al.*

(*Nashville*, December Term, 1938.)

Opinion filed Feb. 18, 1939.

JACOBS H. DOYLE and NORMAN FARRELL, both of Nashville, for plaintiff in error.

B. H. HUNT and E. D. WHITE, both of Livingston, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a will contest in which the circuit judge directed a verdict against the will. The Court of Appeals affirmed the judgment below because, in the opinion of that Court, the transcript did not show that it contained all the evidence. The proponent of the will has filed a petition for *certiorari*, which we have granted.

The will offered for probate purported to have been executed by Mary C. Grider and to have been all in her own handwriting and signed by her. Her husband, Jim J. Grider, the proponent here, was named as the sole beneficiary. The will was not witnessed. No proof was introduced tending to show that the paper writing was found among the valuable papers or effects of the testatrix. There was proof, however, by Grider himself and by two other witnesses that all of this instrument, including the signature, was in the handwriting of Mary C. Grider.

Although there is testimony from one of the proponent's witnesses indicating that this will was not altogether in the handwriting of the testatrix—that her signature was forged—the testimony of her husband and the other two witnesses was to the effect that both sig-

nature and body of the will were all in the genuine handwriting of Mrs. Grider. Such being the case, the trial judge erred in directing the jury to reject the paper before us as a will of personalty. He should have left that matter to be settled by the jury.

█ A paper, although unattested, which purports to be a will, may be admitted to probate without other proof of its writing or publication if two witnesses testified the body and signature of the instrument to be in the handwriting of the testator therein named. *Franklin* v. *Franklin*, 90 Tenn., 44, 16 S. W., 557. See *Dietz* v. *Gallaher*, 169 Tenn., 435, 88 S. W. (2d), 993.

█ It appears from the record that the bill of exceptions was prepared by Grider himself, he not being able to get the services of an attorney for this purpose. In the order overruling the motion for a new trial, the circuit judge allowed the proponent sixty days in which to prepare a bill of exceptions, and the order further provided that the bill of exceptions must be turned over to counsel for the contestants within forty days, to be by them examined not exceeding fifteen days, and then returned to the proponent so that the same might be gotten to the court in time to be signed by him and filed within the sixty days provided.

Grider seems to have gotten up his bill of exceptions in the time allowed and submitted it to counsel for the contestants. The latter made several corrections and additions on the paper submitted to them, and then added "With the corrections in ink, I think there is a fair stagger in the draft signed by Mr. McDonald." The bill of exceptions was then signed by both attorneys for the contestants. The bill of exceptions as prepared by Grider was apparently submitted to counsel that represented

him on the trial and was signed "O. K.—J. K. McDonald."

Thereupon this bill of exceptions, with signatures of all counsel and corrections and other matter added by counsel for contestants, was submitted to the trial judge in due season and signed by him and filed.

The bill of exceptions bears no explicit recital that it contains all the evidence heard on the trial of the case. The Court of Appeals, following certain decisions of its own and of this court, ruled that it could not consider the bill of exceptions under such circumstances. It has been said by this court in *Brower* v. *Watson*, 146 Tenn., 626, 244 S. W. 362, 26 A. L. R., 991, not to be necessary that a bill of exceptions should contain the specific words, but that it was sufficient if it affirmatively appeared that the record contained all the evidence.

A minute order shows that the motion for a directed verdict was made and sustained at the conclusion of the proponent's proof. That contestants introduced no proof. The record shows that, pursuant to the court's directions, the bill of exceptions was prepared by the proponent and submitted to counsel for the contestants. The latter examined the bill of exceptions, made corrections therein, and then indorsed thereupon that "with the corrections in ink, I think there is a fair stagger in the draft signed by Mr. McDonald."

This language seems to be at least a concession that, as corrected, the bill of exceptions contained substantially all the evidence offered by the proponent. The record affirmatively shows no evidence was offered by contestants, and contestants' counsel certified that the bill of exceptions contained the substance of the evidence offered by the proponent. The trial judge signed the

bill of exceptions, as thus authenticated and prepared, and ordered it filed. The foregoing is an affirmative showing that the bill of exceptions contains the substance of all the evidence heard below and that is as much as is required. We think the contrary ruling of the Court of Appeals was wrong.

A reversal of the judgment of the Court of Appeals and a remand is accordingly indicated. In view of the condition of the pleadings the case will be remanded for a trial *de novo* and an opportunity given to the proponent to prove the will in controversy as a holographic will that will pass title to real estate—if he can—as well as a will of personalty. Contestants did not plead a general denial to proponent's declaration but entered a sort of special plea which seemed to set up the matter of forgery alone.

Reverse and remand.