ED PENNINGTON and Wife, MARY SUE PENNING-
TON, v. GENERAL MOTORS CORPORATION and
J. H. DOWLING, d/b/a DOWLING CHEVROLET
CO.—354 S. W. (2d) 479.

Middle Section.    July 28, 1961.

Petition for Certiorari Denied by Supreme Court, March 7, 1962.

Jerry Colley, Columbia, for plaintiff.

Frank Gorrell, Jim Bass, Nashville, J. Dawson Frierson, Jr., Pride Tomlinson, Jr., Columbia, for defendant.

HUMPHREYS, J. This is an appeal in error from a judgment of the Circuit Court of Maury County dismissing plaintiffs' suit for damages for breach of warranty, entered on a verdict directed by the trial judge in favor of defendants.

Plaintiffs sued defendants for breach of warranty, express or implied, made in connection with the purchase by plaintiffs of a Chevrolet automobile. Plaintiffs alleged the warranty was breached in that the automobile continuously gave mechanical trouble of a major sort from the time it was purchased. That, although they had carried it back time and again to be repaired, so that they had been deprived of its use a total of approximately forty days in the first year, defendants had not been able to repair the automobile. At the trial, the only witness plaintiffs were permitted to introduce, was Ed Pennington. After Pennington had testified substantially as alleged in the declaration, he testified further that the last time the automobile broke down he declined a request of defendants that he return the automobile for repairs, and parked the automobile in his backyard where it had remained ever since. Whereupon, the trial judge directed a verdict in favor of defendants, stating that plaintiffs could not recover since

they had declined to again return the automobile for repair and had thus failed to mitigate their damages as required by law. Plaintiffs have appealed to this Court and assigned errors.

Defendants have moved that the appeal be dismissed and the judgment below affirmed (1) because plaintiff Mary Sue Pennington has not filed an appeal bond and has not perfected her appeal; (2) the bill of exceptions was not filed with the clerk of the Circuit Court of Maury County, Tennessee as required by sec. 27-111 T.C.A.; (3) the bill of exceptions does not affirmatively show it contains all the evidence, and; (4) the assignments of error were not filed within the time period required by the rules of this Court. We must deal with this motion before we can come to a consideration of the appeal.

■■ With respect to the ground of the motion based on the condition of the appeal bond, it appears plaintiffs regularly prayed an appeal, which was granted. That well within the time limited they filed an appeal bond, conditioned as required by law. That by mistake or inadvertence the blank spaces in the appeal bond were filled in so as to show only that Ed Pennington was appealing in the suit, and with respect to only defendant, General Motors Corporation. The plaintiffs have moved the Court to amend the appeal bond by inserting the name of James H. Dowling, d/b/a Dowling Chevrolet Company as a defendant and the name of Mary Sue Pennington as plaintiff. This motion is resisted on the authority of England v. Young, 155 Tenn. 506, 296 S. W. 14. That case involved a situation where no appeal bond at all was filed in the time limited by statute and the Court said one could not be filed contrary to the

statute. However, in the opinion in that case the Supreme Court was careful to say "We do not, however, have under consideration an effort to amend or correct a defective bond or oath filed within the statutory period. To such a case other principles would be applicable." 155 Tenn. 512, 296 S. W. 16. We think it is clear on the implications of this statement, and on the cases discussed and distinguished in the opinion that, where a defective bond has been filed, it lies within the power of this Court and is its duty under secs. 20-1501 and 20-1502, 20-1504, T.C.A. to permit the amendment of the appeal bond as attempted in this case.

■ With respect to the ground of the motion that the bill of exceptions does not affirmatively show all of the evidence introduced in the cause is contained in the bill of exceptions the record shows the following: Only one witness was introduced, plaintiff Ed Pennington. There is an order in the transcript of the technical record on page 142, which recites that after the testimony of the plaintiff Ed Pennington, the Court, upon consideration of the issues raised, did instruct the jury to return a verdict in favor of the defendants and that this was done. At the conclusion of the testimony of the plaintiff and at the end of the trial, the bill of exceptions contains this, "(Whereupon Court adjourned at 2:25 P.M.) (END OF THE CASE.)" Thereafter, the bill of exceptions is approved for entry by counsel for all of the parties in the case and signed by the Circuit Judge. We think on the authority of Grider v. Fiske, 174 Tenn. 243, 124 S. W. (2d) 709, this ground of the motion must be disallowed. In view of the minute entry and the approval of the bill of exceptions for entry by counsel for all parties, and its subse-

quent authentication by the trial judge, we think it clearly comes within the Grider v. Fiske case, supra, and affirmatively shows it contains all the evidence.

█ The motion to strike the assignments of error because not filed within the time required by our rules is overruled on the authority and for the same reasons mentioned in Norton v. Standard Coosa-Thatcher Co., 203 Tenn. 649, 315 S. W. (2d) 245. There is no showing of prejudice, harm, or even of inconvenience on the part of movants because of appellant's noncompliance with this rule. By way of explanation appellant states the delay was unavoidable.

This brings us to a consideration of the motion to dismiss or affirm because there is no showing the bill of exceptions was ever filed with the clerk of the Circuit Court of Maury County, Tennessee as required by sec. 27-111 T.C.A. This motion is based on the fact the bill of exceptions as contained in the transcript sent to this Court contains no notation it was ever filed by the Circuit Court Clerk of Maury County. Plaintiffs meet this motion by suggesting a diminution of the record and make a motion that certiorari issue to the end that a perfect transcript of the record may be filed in this cause on the ground that, as is shown by the affidavit of the Clerk of the Circuit Court for Maury County, Tennessee, the bill of exceptions was filed in her office between the dates February 7th and February 18th, 1961. That between those dates she filed said bill of exceptions noting this on the front page. That in preparing the transcript she removed the top sheet of the bill of exceptions replacing it with another sheet, and destroyed

the top sheet. That she did not show the fact of filing or the date on the replacement sheet.

The transcript shows the motion for new trial was overruled on January 28, 1961 and that the order over-ruling the motion and granting the appeal was entered on February 7, 1961. Under this order plaintiffs had thirty days within which to file the bill of exceptions. There is an order made February 18, 1961, filed in the Circuit Court Clerk's Office on the same date, by which the Circuit Judge orders "that the bill of exceptions *filed in this cause* be made a part of the record in its original form without being copied by the Circuit Court Clerk, and in such form may be forwarded to the Court of Appeals." (our emphasis)

It is insisted the motion to strike is good under Burkett v. Burkett, 193 Tenn. 165, 245 S. W. (2d) 185 and cases based thereon; that the exact question pre-sented here was before the Supreme Court in that case and was decided in such a manner as to require that we sustain this ground of the motion. As we see it, that case is not in point. In that case the Circuit Court Clerk was attempting by affidavit to amend the bill of exceptions so as to show the trial judge had signed it within the required time. Although the bill of excep-tions had been signed by the judge, it bore no date, and the Circuit Court Clerk was trying to supply this defi-ciency by affidavit. The Supreme Court properly held that the bill of exceptions which had been filed without any date on it showing when it was signed by the Judge could not be amended by the affidavit of the clerk. That is not the case we have here. Here it appears the bill of exceptions was actually filed in the office of the clerk,

by the clerk, who indicated her filing thereof on the first sheet; that she subsequently removed this first sheet bearing her filing notation and replaced it with another, a fact which is borne out by the pagination in the bill of exceptions. In a situation like this we think sec. 20-1515 T.C.A., which authorizes the supplying of any paper which may be lost could be applicable and in a proper case the lost paper could be supplied. However, we are of opinion this is not a case in which this can be done. The affidavit of the clerk does not warrant and support an order to supply. Our statutory provisions for bills of exceptions contemplate that a bill of exceptions can only be filed by the clerk of a court after the trial judge has certified his approval of the same. Until this is done there is actually nothing to file. Central Produce Co. v. General Cab Co., 23 Tenn. App. 209, 129 S. W. (2d) 1117. Section 27-109 T.C.A. provides that the truth of the case being fairly stated in the bill of exceptions, the judge shall sign the same; sec. 27-110 provides that the certificate of approval of the trial judge upon the bill of exceptions *"shall be sufficient leave to file the same, * * *."*. Section 27-111 contemplates the same order of procedure: the authentication and certification of the bill of exceptions by the trial judge prior to its filation. Under the affidavit filed, it is impossible for this Court to determine whether these statutes were complied with or not. Moreover, since the order of February 18, that the bill of exceptions be sent up in original form, refers to the bill of exceptions as already filed on that date, the same date it was authenticated by the judge, the record furnishes no evidence in favor of the bill of exceptions. So, since all of our cases hold these statutes are mandatory, and that strict compliance therewith is

required, we are constrained to overrule the motion for certiorari on the suggestion of a diminution of the record. If we were to allow the motion, all the clerk could certify would be the fact that the bill of exceptions was filed sometime between the 7th and 18th of February, 1961, the day on which it was anthenticated and certified for filing by the trial judge. A record supplied in this form would not establish with that certainty required, the fact that the bill of exceptions was filed by the clerk after its authentication and certification by the trial judge.

In reaching this conclusion, consideration has been given to the provision of sec. 27-110 T.C.A. that bills of exceptions bearing authentication of the trial judge and filed with the clerk of the trial court within the time allowed, shall be presumed to have been authenticated by the trial judge prior to the filing thereof, and we are of opinion it does not apply in this case. It appears from reading this statute proviso it was written to apply in cases like Burkett v. Burkett, supra, and that the presumption is brought into operation only in those cases where the bill of exceptions though bearing the authentication of the trial judge does not bear the date thereof. This is not our problem. Here we have a case in which the only filing attempted to be shown could just as well have preceded authentication as not, and, from the evidence filing more likely preceded authentication than not. In such case the last paragraph of sec. 27-110, would have no application.

Being of opinion the law is as stated, we sustain the motion to strike the bill of exceptions.

In the absence of a bill of exceptions this appellate court must conclusively presume that the evidence justified the verdict. Dunn v. State, 127 Tenn. 267, 154 S. W. 969. The assignments of error are overruled and the judgment is affirmed.

Shriver, J., and Crownover, Special Judge, concur.