# NATIONAL SHIRT SHOP OF CENTRAL TENNESSEE, INC., v. THE CITY OF NASHVILLE.—354 S. W. (2d) 264

Middle Section.   October 27, 1961.

Petition for Certiorari Denied by Supreme Court, February 8, 1962.

Frank S. King, Jr., Nashville, for plaintiff in error.

Elkin Garfinkle, Z. T. Osborn, Jr., Nashville, for defendant in error.

## I.

SHRIVER, J. This is a suit to recover $10,000.00 damages as the result of plaintiff's property having been flooded and damaged by a ruptured water-main in downtown Nashville on July 10, 1954.

The case came on to be heard before Judge Roy A. Miles, and a jury, in the First Circuit Court of Davidson

County, in December 1960 and, at the conclusion of all the proof, the trial Judge overruled defendant's motion for a directed verdict and, on submission to the jury, a verdict was returned in favor of plaintiff for $9,000.00.

The defendant seasonably filed its motion for a new trial and same was overruled after the trial Judge suggested a remittitur in the amount of $1,182.04 which was accepted by plaintiff. Thereupon, the defendant excepted and prayed and perfected its appeal in error to this Court and has filed assignments.

## II.

## THE PLEADINGS

Plaintiff's declaration is in five counts, but counts two, four and five were stricken so that the case was submitted to the jury on the first count which alleges common law negligence and the second count which alleges damage from trespass.

The declaration alleged that the defendant, The City, operated it's water distribution system as a proprietary function for profit; that the water main at 6th Avenue in front of plaintiff's place of business was made of iron, was weakened from very long usage and was liable to breakage. It was further alleged that numerous breaks in the mains of that area, the retention of such mains in use with the knowledge that same were under substantial pressure and liable to breakage, whereby the premises of plaintiff and others similarly situated might be expected to be damaged, constituted negligence. It was also alleged that defendant was negligent in its failure to exercise ordinary care in making certain that breaks in the mains could be properly attended to and

damage prevented by the prompt shutting off of water in the event of a break.

The defendant pleaded the general issue.

## III.

## ON MOTION TO STRIKE ASSIGNMENTS OF ERROR

The plaintiff below, appellee here, has filed a motion to strike the assignments of error because of a failure to show specifically wherein the action of the trial Court complained of is erroneous, how such action prejudiced the rights o f the appellant, and because no references are made to the pages of the record where the ruling of the Court upon the law or testimony constituting said alleged error is to be found.

. There are fifteen assignments of error which will be discussed or referred to hereinafter.

An additional ground set forth in the motion of the appellees is based on the fact that the bill of exceptions fails to affirmatively show that it contains all the evidence heard on the trial of the cause, wherefore, certain assignments based on the evidence and dependent on a bill of exceptions should be overruled.

An examination of the bill of exceptions shows it to be true that it does not contain a statement to the effect that it contains all the evidence. At the conclusion of the plaintiff's proof there is a statement, "The plaintiff rests". At the conclusion of the defendant's proof there is a statement, "The defendant rests".

In Howell v. Sloan Messenger Company, 5 Tenn. App. 321, it is said;

"We are of the opinion that the words used in the Bill of Exceptions, 'plaintiff rests' and 'defendant rests', are not the equivalent of a statement that it was all the proof or evidence heard or introduced at the trial, and for this reason the case must be affirmed."

To the same effect is the holding in Drake v. Nashville, Chattanooga & St. Louis Ry. Co., 125 Tenn. 627, 148 S. W. 214, where the words "Proof closed" were used and this was found not to be the equivalent of the expression, "This is all the evidence".

It has been repeatedly held that where there is any paucity of proof this could not avail on appeal as the Court would presume that there was sufficient evidence to sustain the verdict. See Dodd & Son v. Nashville, etc., 120 Tenn. 440, 110 S. W. 588; Cothron v. Cothron, 21 Tenn. App. 388, 110 S. W. (2d) 1054; Grider v. Fishe, 174 Tenn. 243, 124 S. W. (2d) 709.

In this view of the matter we are, therefore, unable to consider assignments Nos. 1, 2, 4 and 5, which are (1) That there was no evidence to support the verdict, (2) The verdict is contrary to the weight and preponderance of the evidence, (This assignment is, of course, not available to appellant in any event where there is a jury verdict) (4) The verdict of the jury was excessive and the result passion, prejudice or caprice and (5) The Court erred in declining to grant defendant's motion for a directed verdict made at conclusion of all the proof.

As to the motion to strike the remaining assignments on the ground set forth in said motion, while technically, the grounds are perhaps good as to several of

the assignments, nevertheless, since said assignments are supported by a brief and argument referring to the record in detail, we will consider them insofar as they do not involve a determination of questions of fact which depend on a bill of execptions.

■ Assignment No. 3, is, "The verdict of the jury shows that the jury was confused".

The jury returned to the Court room to ask for additional instructions about the amount of a verdict that might be returned in view of the several counts and was instructed by the Court that $10,000.00 would be the maximum amount the plaintiff could recover, the Court stating, "But no plaintiff is entitled to recover on both counts. You don't multiply the amount by all counts but if the case is made under either then the recovery can be had up to that amount."

Thereafter, the jury returned to the Court room and, when asked if they had reached a verdict, the foreman, replied, "Yes, your Honor, we have found the City of Nashville guilty as charged on two different counts; number one, trespass, which we award the plaintiff $9,000.00; number two, negligence, which there was no award made on."

It will be observed that the jury thus found the City guilty as charged on both counts of negligence and trespass but undertook to relate the award to trespass in view of instructions hereinabove quoted.

In the brief of counsel for defendant it is stated that the jury did not realize that in this case "trespass" as alleged in plaintiff's declaration and "negligence" are

synonymous as held in Sing v. Headrick, 34 Tenn. App. 187, 236 S. W. (2d) 95.

In said case (Sing v. Headrick) it was said that the statute provides that all wrongs and injuries to property and person, in which money only is demanded as damages, redress may be had by an action on the facts of the case, since the statute abolished common law distinctions between trespass and trespass on the case.

And it was also said that in an action of trespass affecting property, a plea of not guilty puts in issue the alleged wrongful acts and the plaintiff's title to the property, and that, in an action of trespass on the case, a plea of not guilty allows any defense based on justice and equity.

Since the pleadings support the verdict and we do not have a bill of exceptions so as to consider the argument that the proof does not support same, assignment No. 3 is overruled.

Assignments Nos. 6, 7, 8 and 9 relate to the admission in evidence of the inventory sheet made up by the manager of the store and the district manager. Defendant cross examined at great length, argued to the Court and to the jury on this evidence and objected strenuously to it, but we find, as did the trial Judge, that the question is as to the weight of the evidence and not as to its admissibility. Therefore, these assignments are overruled.

Assignments Nos. 10, 11, 12 and 13 complain of the admission and the refusal to admit certain testimony. The defendant insists that, since certain witnesses were only buyers and not accountants, their testimony as to

the value of the merchandise damaged should have been rejected.

■ In the absence of a bill of exceptions we cannot pass on the question of the admissibility of this evidence but must assume that the trial Judge did not commit error in its admission and in declining to admit the testimony of certain of defendant's witnesses. From what we can see in this record, the refusal to admit testimony of two merchants to the effect that, in their opinion, the City did a good job in turning off the water was not error.

Assignment No. 14, has to do with the sufficiency of the evidence on the question of damages and, for the reasons hereinabove stated, this assignment cannot be reviewed by us.

■ Assignment No. 15, complains of the Court's refusal to charge that the measure of damage is actual damage and not speculative damage. We think the charge of the Court is full and fair and covers this subject and, therefore, assignment No. 15, is overruled.

It results that all assignments are overruled and the judgment of the trial Court is affirmed.

Affirmed.

Humphreys, J., and Crownover, Special Judge, concur.