MARY L. KIRKPATRICK NORRIS, Contestant-Appellant, v. W. C. ANDERSON, Executor and LYLE KIRKPATRICK, Appellees.—445 S.W.2d 927.

Middle Section.  June 27, 1969.

Certiorari Denied by Supreme Court October 6, 1969.

P. J. Anderson, G. D. Anderson, Gainesboro, for appellant.

Reneau & Reneau, Celina, Robert L. Johnson, Gainesboro, for Lyle Kirkpatrick.

W. C. Anderson, Gainesboro, for executor.

### THE CASE

SHRIVER, P.J. This is a will contest in which Mary L. Kirkpatrick Norris contested the validity of a codicil to the will of Tennie K. Gaw, deceased, which codicil had the effect of leaving the entire estate of the testator to Lyle Kirkpatrick, whereas, the original will had divided the estate equally between the appellant and Lyle Kirkpatrick.

There were two trials, at the first of which, before Judge Willard Hagan and a jury, there was a verdict and judgment in favor of the contestant, but, on motion for a new trial, said verdict and judgment were set aside and a new trial granted. On the second trial, at the conclusion of the contestant's proof, counsel for the contestee moved the Court for a directed verdict, which motion was granted and a judgment accordingly entered sustaining the will and codicil. After a motion for a new trial

was overruled the contestant duly perfected an appeal to this Court and filed assignments of error.

## THE FACTS

It is shown that on December 8, 1960, Tennie K. Gaw, now deceased, executed her last will and testament, leaving her estate to be divided equally between Lyle Kirkpatrick, a nephew, and Mary L. Kirkpatrick Roeder (now Norris), a niece. The will dated December 8, 1960 and a paper writing dated December 12, 1960 purporting to be a codicil to said will, were together duly probated as the last will and testament of Tennie K. Gaw.

Mary L. Kirkpatrick Norris filed her petition to contest the codicil to the will on the ground that it had been procured by undue influence exerted on the testator by Lyle Kirkpatrick.

The first question to be determined here is whether or not the motion of the contestee to strike the bill of exceptions should be sustained. The ground of the motion is that the bill of exceptions does not affirmatively state that it contains all the evidence introduced in the trial of the cause.

While the bill of exceptions does not specifically assert that it contains all the evidence introduced at the trial, the technical record and the bill of exceptions both show that, at the close of the proof introduced on behalf of the contestant, the attorney for the contestee, Kirkpatrick, moved the Court as follows:

"The defendant, Lyle Kirkpatrick, at the conclusion of the introduction of evidence upon the part of the contestant moved the Court for an instruction to the

jury to return a verdict in his favor and against the contestant, as there is no evidence to sustain a verdict in favor of the contestant.''

Thereupon, the motion was granted and the following decree was entered:

"On this 11th day of September, 1968, came the parties and a jury, to-wit: (Here follows the names of the jurors), who, after being duly elected, empanelled and sworn to well and truly try the issues joined, heard the evidence offered in behalf of W. C. Anderson, executor, and Mary L. Kirkpatrick Norris, contestant. At the conclusion of the introduction of evidence on the part of the executor and the contestant, the defendant, Lyle Kirkpatrick, moved the Court for an instruction to the jury to return a verdict in his favor and in favor of the validity of the will dated December 8, 1960, and codicil thereto dated December 12, 1960, as there was no evidence to sustain a verdict for the contestant. And the Court, being of the opinion that there was no evidence to support a verdict in favor of the contestant, sustained said motion and instructed the jury to return a verdict in favor of the defendant, Lyle Kirkpatrick and in favor of the will dated December 8, 1960, and the codicil thereto dated December 12, 1960.

Whereupon the jury, pursuant to the Court's direction, returned its verdict that the will dated December 8, 1960, and the codicil thereto dated December 12, 1960, is the last will and testament of Tennie K. Gaw, deceased.''

The decree then taxes the costs against the contestant and notes her exception and she was granted 30 days in which to file a motion for a new trial.

The certificate of the Court appended to the bill of exceptions is as follows:

"The Contestants tender this Bill of Exceptions, as allowed by the Court in overruling its motion for a new trial, the same having been approved by the Court and Counsel.

/s/ Willard Hagan
Circuit Court Judge

APPROVED:

/s/ P. J. Anderson

/s/ G. D. Anderson

Attorneys for the Contestant,
Mary L. Kirkpatrick Norris

/s/ R. L. Johnson

/s/ Reneau & Reneau
by /s/ J. H. Reneau, Jr.

Attorneys for Lyle Kirkpatrick"

This is followed by a certificate of the Clerk that it is a true copy of the bill of exceptions.

Section 27-109 T.C.A., provides as follows:

"*27-109. Signing of bill of exceptions.* —The truth of the case being fairly stated in the bill of exceptions, the judge shall sign the same, which thereupon becomes a part of the record of the case. [Code 1858, sec. 2968; Shan., sec. 4693; Code 1932, sec. 8819.]"

Thus, the signature of the Trial Judge to the bill of exceptions, pursuant to the above statute, imports completeness and would seem to justify the presumption

that the bill is complete where there is nothing to indicate to the contrary.

■ And where, as in this case, the bill is signed by the Judge and filed in due course by the Clerk, also bears the approval of all counsel for both sides, over the signatures of said counsel, we think the motion to strike for failure to specifically state that it contains all the evidence introduced at the trial should be overruled.

In Pennington v. General Motors Corp., 49 Tenn.App. 240, 354 S.W.2d 479, in an opinion by Judge Humphreys, this Court held:

"With respect to the ground of the motion that the bill of exceptions does not affirmatively show all of the evidence introduced in the cause is contained in the bill of exceptions the record shows the following: Only one witness was introduced, plaintiff Ed Pennington. There is an order in the transcript of the technical record on Page 142, which recites that after the testimony of the plaintiff Ed Pennington, the Court, upon consideration of the issues raised, did instruct the jury to return a verdict in favor of the defendants and that this was done. At the conclusion of the testimony of the plaintiff and at the end of the trial, the bill of exceptions contains this, '(Whereupon Court adjourned at 2:25 P.M.) (END OF THE CASE.)' Thereafter, the bill of exceptions is approved for entry by counsel for all of the parties in the case and signed by the Circuit Judge. We think on the authority of Grider v. Fiske, 174 Tenn. 243, 124 S.W.2d 709, this ground of the motion must be disallowed. In view of the minute entry and the approval of the bill of exceptions for entry by counsel for all parties, and its subse-

quent authentication by the trial judge, we think it clearly comes within the Grider v. Fiske case, supra, and affirmatively shows it contains all the evidence."

While we have numerous cases holding that the bill of exceptions must show on its face that it contains all the evidence considered by the Trial Court, our courts have held in several cases that the specific words, "This is all the evidence", are not required in order that the bill be considered. See History of a Lawsuit, 8th Edition, Page 496, and Grider v. Fiske, 174 Tenn. 243, 124 S.W.2d 709.

Another case that sheds some light on the question is Zanola v. Hall, 43 Tenn.App. 298, 307 S.W.2d 941, wherein it was held that where the plaintiffs in an action arising out of an automobile collision filed a bill of exceptions and relied on the ground that the question whether plaintiffs' injuries were caused by negligent acts of the defendants should have been submitted to the jury, elimination by the plaintiffs from the bill of exceptions of testimony bearing on the nature and extent of injuries and medical bills incurred, and of charts, plats and diagrams, which were the property of defendants, was commendable, and not objectionable.

Again in State for Use and Benefit of Henderson County ex rel. Hanover v. Stewart, 46 Tenn.App. 75, 326 S.W.2d 688, this Court, in an opinion by Judge Bejach, held that where, despite recital in the bill of exceptions that the bill contained all the evidence submitted at the hearing of the cause, it affirmatively appeared, independently of the bill, that some evidence introduced at the hearing was not included in the bill of exceptions, the Court of Appeals would not strike the bill of excep-

tions and affirm the lower court's judgment in view of the fact that the evidence omitted from the bill could throw no light on the legal question presented by the appellants.

In the case at bar, it affirmatively appears that the motion for a directed verdict was made by the contestee at the conclusion of contestant's proof and that the bill of exception does contain the proof introduced by the contestant.

The determinative question in the cause before us appears to be whether or not the Trial Judge committed error in directing a verdict against the contestant on the ground stated in the final decree of the Court in words as follows:

*"And the Court, being of the opinion that there was no evidence to support the verdict* in favor of the contestant sustained said motion and instructed the jury to return a verdict in favor of the defendant Lyle Kirkpatrick.'' (Emphasis ours.)

In our opinion the proof introduced by contestant set forth in the bill of exceptions does contain evidence which made an issue for the Jury even if there had been countervailing evidence. Hence, the motion to strike the bill of exceptions should be, and is, accordingly, overruled.

## ASSIGNMENTS OF ERROR

There are five assignments, the first two of which raise the determinative question whether or not the Court erred in holding that there was no evidence to support the verdict of the jury and in directing a verdict at the conclusion of contestant's proof.

As above stated, we think the record contains material evidence from which the jury might have found that the codicil to the will of Mrs. Gaw was obtained through the exercise of undue influence on the testator by Lyle Kirkpatrick.

Without going into detail as to the proof in this regard, it is sufficient to note a few facts appearing therein. The contestant, Mary L. Kirkpatrick Norris, testified that when she confronted Lyle Kirkpatrick with the situation, after the will and codicil had been read to her, "He agreed with me that he had done me wrong" in regard to the procurement of the codicil. She also said that in the later years of the testator's life she (the testator) had become a dope addict.

The testimony of W. C. Anderson, the Executor, was objected to by the contestee but the objection was overruled and we concur in this ruling inasmuch as the testimony objected to had to do with events that occurred and conversations that took place with Lyle Kirkpatrick after the will was found and read, which statements and admissions with respect to the will were pertinent to the issues in this lawsuit.

Mr. Anderson testified that he thought the will of Mrs. Gaw was in her lock box but on searching the lock box he did not find it. He then searched his own files, since he had written the will, but he did not find it there. He then confronted Kirkpatrick with the question as to where it was and, on driving to Kirkpatrick's house, found that he had it and that the envelope which had been sealed with the will in it, had been torn open.

He testified that on this occasion Lyle Kirkpatrick told him that his Aunt Tennie (Mrs. Gaw) was afraid of him

(Kirkpatrick) and he could make her do anything he wanted her to do and that he made her sign that last will, meaning the codicil to the will. Mr. Anderson said that after they had discussed the matter Kirkpatrick stated: "I'm going to put it off on you", and was told by Mr. Anderson, "You're not putting anything off on me", and the witness further said, "He told me again that she was afraid of him and he made her sign it."

Under the facts reflected by this record we are of opinion that it was error for the Trial Judge to direct a verdict in favor of the contestee at the conclusion of contestant's proof.

It results that the judgment of the Trial Court is reversed and the cause remanded for a new trial.

The costs of this appeal will be taxed against the Executor in his official capacity and the costs of the court below will abide the judgment of the Trial Court.

Reversed and remanded.

Puryear and Todd, JJ., concur.