Beulah JOHNSON, Individually and as Executrix of the Estate of Eulola Deathridge, Deceased, et al., Proponents-Appellees,

v.

Mrs. M. A. (Nora) STEELE, Contestant-Appellant.

Court of Appeals of Tennessee, Middle Section.

Feb. 27, 1976.

Certiorari Denied by Supreme Court Aug. 16, 1976.

Maddux, Moore & Jones, Cookeville, W. Gary Blackburn, Ortale, Kelley, Herbert & Crawford, Nashville, for proponents-appellees.

Mitchell & Mitchell, Sparta, for contestant-appellant.

## OPINION

TODD, Judge.

This is a will contest wherein the contestant Mrs. M. A. (Nora) Steele, has appealed from a directed verdict in favor of the will.

The executrix-appellee has moved to dismiss the appeal because the bill of exceptions is not complete and all of the assignments of error require a review of the evidence. The bill of exceptions, at page 56–63 recites:

"AT THIS TIME, THE DEPOSITION OF MRS. NORA STEELE WAS READ INTO THE RECORD. THE READING OF THE DEPOSITION PROCEEDED AS FOLLOWS:

(Mr. Moore began reading the direct examination and continued until the following objection was made.)"

Thereafter various objections and rulings are recorded. The contents of the deposition do not otherwise appear in the bill of exceptions.

Appellant insists that the motion to dismiss should be overruled because the bill of exceptions was filed in accordance with § 27–110, T.C.A., appellees were given ample opportunity to object to any omissions and failed to do so. The record does not support this insistence.

The bill of exceptions contains five volumes. At the conclusion of Volume I (page 90) is the following notation:

"THIS, TOGETHER WITH THE DEPOSITION OF MRS. NORA STEELE AND EXHIBITS 1 THROUGH 4, WHICH WERE FILED WITH THE CLERK AS PART OF THE EVIDENCE IN THIS CAUSE, WAS ALL OF THE EVIDENCE INTRODUCED AT THE FIRST DAY OF THE HEARING OF THIS CAUSE."

Page 91 contains an undated certificate of the Trial Judge and a certificate of filing in the office of the Trial Clerk on June 16, 1975.

Page 92 contains a certificate of a notary public dated June 10, 1975.

Volumes II, III and IV contain no authentication whatsoever. Volume V concludes with the following notation on page 570–D:

"THE FOREGOING IS ALL THE PROOF ADDUCED UPON THE TRIAL OF THIS CAUSE."

On page 571–D is a duplicate of the previously mentioned certificate of the Trial Judge and Clerk.

On page 572–D is a certificate of a notary public dated June 16, 1975.

■ From the above, especially the absence of any date on the authentication of the Trial Judge, it is impossible to determine that, after the proposed bill of exceptions was lodged with the Clerk, a period of ten days elapsed before authentication by the Trial Judge during which period appellee had opportunity to object to omissions.

Moreover, the fact that the reading of the deposition of contestant was expressly recorded in the bill of exceptions left the reasonable impression that it (the deposition) would be appended to the bill of exceptions in proper manner. . Under these circumstances, appellees were not under a duty to object to an omission (of the deposition as an attachment) which did not actually occur until the completion of the authentication by the Trial Judge.

■ The insistence of appellant (that appellees waived the omission by failure to object) presents a serious question as to the relative duties of appellant and appellee in the preparation of a bill of exceptions. This Court does not conceive that § 27–110 T.C.A. alters the traditional and well established burden of the appellant to supply a proper record. Certainly, it does not authorize an appellant to lodge a patently incomplete bill of exceptions thereby to shift to appellee the burden and expense of furnishing the remainder. Generally, the objec-

tions contemplated by the statute relate to the accuracy and/or authenticity of the bill of exceptions. If, after opportunity for objection and failure to object, the Trial Judge authenticates a bill of exceptions which is complete on its face, then his authentication is final and neither party may thereafter complain of an omission.

■ Where a deposition or exhibit is not mentioned at all in the bill of exceptions, and the bill of exceptions is certified as complete, then the bill of exceptions will be accepted as complete on appeal.

■ If, however, with or without objection, the Trial Judge approves a bill of exceptions which shows on its face that it is incomplete, the bill of exceptions cannot be considered complete, regardless of a certificate of completeness by the Trial Judge. A recitation in a bill of exceptions that a deposition was read or exhibit introduced creates a requirement that the deposition or exhibit be properly transmitted with the record. A failure to properly transmit a deposition or exhibit mentioned in the bill of exceptions renders the bill of exceptions incomplete.

■ The appellee is justified in relying upon appellant and the Trial Judge to authenticate and include all depositions and exhibits mentioned in the bill of exceptions. Appellee does not have the burden of being present at the certification to make sure that all such *mentioned* depositions and exhibits are included.

To sustain the insistence of appellant would amount to allowing the appellant to designate favorable parts of the bill of exceptions and to exclude unfavorable parts unless demanded by appellee. The statute, §§ 27–323, 324, T.C.A., permits such designation of parts of the technical record, but not of the bill of exceptions. *Kelly v. Cannon,* 22 Tenn.App. 34, 117 S.W.2d 760 (1937).

The Rules of this Court permit abridgement of the bill of exceptions by stipulation, but not by designation and failure to object. Rule 5 of the Rules of this Court provides in part as follows:

"6. Bill of Exceptions—The bill of exceptions may be abridged by stipulation of counsel approved by the Trial Judge. If it is made to appear to this Court that any party has unreasonably refused to agree to a proper abridgment of the record, such party may be taxed with the part of the costs attributable to the preparation of that part of the record required by such refusal.

"7. Omitted Material—In all cases of abridgment of the bill of exceptions, the Trial Judge shall certify as to the general nature of the omitted matter and shall further certify that such omitted matter is immaterial to the issues on appeal."

Appellant cites *North American Capital Corporation v. McCants* (Tenn.1974), 510 S.W.2d 901; however, the opinion in that case states,

"The case comes to this Court by an *agreed stipulation of facts.*" 510 S.W.2d, p. 902.

Appellant cites *Norris v. Anderson,* 60 Tenn.App. 261, 445 S.W.2d 927 (1969); however, that case involved the absence of a specific statement of completeness. The opinion states:

"[2] While we have numerous cases holding that the bill of exceptions must show on its face that it contains all the evidence considered by the Trial Court, our courts have held in several cases that the specific words, 'This is all the evidence', are not required in order that the bill be considered. See History of a Lawsuit, 8th Edition, Page 496, and *Grider v. Fiske,* 174 Tenn. 243, 124 S.W.2d 709." 60 Tenn.App., p. 267, 445 S.W.2d, p. 929.

In *State ex rel. Hanover v. Stewart,* 46 Tenn.App. 75, 326 S.W.2d 688 (1959), this Court held that where a bill of exceptions recites that it contains all the evidence, but it affirmatively appears (from the bill of exceptions) that other evidence was introduced which was or might have been material at the trial and the consideration of such omitted evidence is material to issues on appeal, the recital of completeness will be ignored. In the same case it was held that an incomplete bill of exceptions would

not be stricken where the omitted material could throw no light on the legal questions presented on appeal.

In *Zanola v. Hall,* 43 Tenn.App. 298, 307 S.W.2d 941 (1957), this Court overruled objections to an incomplete bill of exceptions where the Trial Judge certified, "This is all the evidence in the case material to the appeal." The omitted testimony related only to the nature and extent of plaintiff's injuries, whereas the issue on appeal was whether or not the defendant was at fault.

■ Appellant next points out that the deposition of the contestant was not "filed as an exhibit to the bill of exceptions during the trial." This Court does not understand that a deposition must be "filed as an exhibit" during the trial. The statute, §§ 24–932, 933 provides that depositions shall be filed with and endorsed by the Clerk as soon as transcribed; but, when depositions or parts thereof are read in open court, the words read should be preserved as part of the evidence (bill of exceptions), or the deposition itself should be designated by the Trial Judge as a legitimate substitute therefor.

Appellee has exhibited to the motion to dismiss a purported photostatic copy of the omitted deposition. Examination of said exhibit discloses the notation in script, "filed 10–30–74." This notation, unaccompanied by any certificate of the Trial Clerk is insufficient to authenticate the instrument for formal consideration by this Court. Had the deposition been duly filed with the Trial Clerk and had it been duly transmitted in the technical record, it could hardly be considered because the bill of exceptions shows that parts, but not what parts of the deposition were read.

Appellant next insists that there is no showing that this Court would benefit from the inclusion of the deposition in the record, citing *Anderson v. Carter,* (Tenn.App.1974), 512 S.W.2d 297; however, in that opinion it is stated,

"Counsel . . . conceded that the transcript . . . was correct and complete except . . . [for] argu-

ment of counsel and comments of the Chancellor . . ." 512 S.W.2d 300,

and

"Nevertheless, since it appears that appellee does not question the correctness of the record from the Board and does not assert that any benefit would be derived by this Court from the argument and comments which were omitted from the bill of exceptions, no useful purpose would be served by such a remand for further proceedings." 512 S.W.2d, p. 301.

Appellant next insists that the omitted evidence was not material to the disposition of this appeal, citing *Draper v. Great American Insurance Company,* 224 Tenn. 552, 458 S.W.2d 428 (1970). In that opinion, it was stated, " . . . we do not consider the (omitted) exhibits to be material [to] . . . this appeal." 224 Tenn., p. 555, 458 S.W.2d, p. 429. In the present case, the omitted evidence is considered material to the appeal.

Appellant insists that, since the appeal is from a directed verdict against the contestant, the issue is whether there is any evidence to support a verdict against the will. It is insisted that the incomplete bill of exceptions contains some evidence to support a verdict against the will and that, therefore, the directed verdict should be reversed regardless of other, omitted evidence.

It should be remembered that the deponent was the sole contestant in this case.

Sworn testimony of a party to a case is a conclusive admission, binding upon him in the disposition of the case, unless there is credible evidence of other facts which would negative the effect of the fact admitted by the party. *Osborne v. Hartford Acc. & Indemn. Co.,* 63 Tenn.App. 518, 476 S.W.2d 256 (1972).

An interested party is bound by his testimony which contains a material statement of fact negating his right of action or defense if no more favorable testimony appears on the same subject. *Harvey v. Wheeler,* 57 Tenn.App. 642, 423 S.W.2d 283 (1967).

See also *Wagner v. Nivin,* 46 Tenn.App. 581, 332 S.W.2d 511 (1959), wherein it was held that, where plaintiff on oath disclaimed each and every charge in her declaration, she was estopped to complain of a directed verdict against her.

Therefore, it cannot be said that the sworn testimony of the sole contestant in a will case could not reasonably be material to the issue of the correctness of a directed verdict against said contestant. This being true, the omission of the parts of the deposition read to the court renders the bill of exceptions incomplete, and the motion to strike the bill of exceptions must be sustained.

On appeal, a directed verdict must be affirmed where the bill of exceptions does not contain all of the evidence. *Stockstill v. Life & Casualty Ins. Co.,* 16 Tenn.App. 538, 65 S.W.2d 243 (1934).

The judgment of the Trial Court is affirmed. Costs of this appeal are adjudged against the appellant.

Affirmed.

SHRIVER, P. J., and DROWOTA, J., concur.