# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY 18, 2005 Session

## DALE ANTHONY SCOTT, ET AL. v. MARION YARBRO, ET AL.

**Direct Appeal from the Chancery Court for Decatur County**
**No. 3325     Ron E. Harmon, Chancellor**

_____

**No. W2004-00746-COA-R3-CV - Filed June 15, 2005**

_____

This appeal involves the ownership of a parcel of real property held by tenants-in-common.  After reviewing the trial court's order and the record, we have determined that the trial court's order does not constitute a final judgment.  Accordingly, this appeal is dismissed for lack of jurisdiction, and the case is remanded to the trial court for further proceedings.


**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Dismissed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

J. Michael Ivey, Parsons, TN, for Appellants

Lloyd R. Tatum, Henderson, TN, for Appellees

Tommy E. Doyle, Linden, TN, for Appellee Henry Yarbro

# MEMORANDUM OPINION[1]

## I.
### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This appeal concerns the ownership of a parcel of real property ("the Farm") located in Decaturville, Decatur County, Tennessee. Dover Scott ("Decedent") was one of six children who inherited a one-sixth (1/6th) interest in the Farm following his father's death. Thereafter, Decedent purchased the interests of other relatives in the Farm giving him title to a significant portion of the Farm at his death. Decedent died on May 27, 1999, survived by his four sons (collectively referred to as the "Decedent's Children" or "Appellants"). At issue in the trial court below were three parcels of real property encompassing the Farm; a 1.2 acre tract, a 3.1 acre tract, and a 188 acre tract. The Decedent's Children inherited the Decedent's interest in the Farm, represented by deeds he obtained during his lifetime, however, they contend that they also obtained title to the remaining land encompassing the Farm. Numerous relatives of the Decedent's Children are co-tenants (hereinafter "Defendants" or "Appellees") in the remainder of the Farm and assert their interest to the property as well.

The facts are largely undisputed, and they are set forth in a "Stipulation of Facts" entered into between the parties. From 1953 until his death in 1999, Decedent lived on the Farm with the Appellants in a house built in the 1930's, farmed the land and retained the profits therefrom, rented portions of the Farm to other tenants and retained the rent proceeds, paid the expenses for the Farm, made improvements to the Farm, and paid the property taxes on the Farm since 1966. After Decedent and his family took possession of the Farm in 1953, none of the other co-tenants lived on the Farm, paid for any of the expenses related to maintaining the Farm, shared in the profits generated by the Farm, or contributed to the payment of the property taxes. During the course of his occupancy, Decedent executed three mortgages identifying his interest in the Farm as a "5/12ths interest." Decedent never discussed the status of the Farm with the other co-tenants, and he never expressly stated that he considered himself to be the sole owner of the Farm.

On April 5, 2002, the Decedent's Children filed a complaint in the Chancery Court of Decatur County against the other co-tenants. In the complaint, the Decedent's Children requested a judgment allowing them to "recover from Defendants jointly and severely [sic] damages which

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10 (2004).

may be shown by proof to have been sustained by the Plaintiffs for Defendants' wrongfully [sic] and intentional trespassing."[2]   Additionally, the Decedent's Children asserted that they obtained title to the Farm by adverse possession pursuant to section 28-2-101 *et seq.* of the Tennessee Code and/or the co-tenants' failure to pay the property taxes due on the Farm pursuant to section 28-2-109 and section 28-2-110 of the Tennessee Code.[3]  The co-tenants subsequently answered the complaint and filed their counterclaims against the Decedent's Children and cross-claims against each other asserting a right to partition the property pursuant to section 29-27-101 and section 29-27-201 of the Tennessee Code.  Thereafter, each party submitted a "Memorandum of Law" to the trial court.  In their "Memorandum of Law," the Decedent's Children, in addition to the adverse possession and property tax theories of ownership asserted in their complaint, also asserted ownership of the Farm based on common law prescription.

On March 1, 2004, the chancery court entered a "Decree" based upon the pleadings, the "Stipulation of Facts," and the argument of counsel for the parties.  The chancery court's order provided, in relevant part, as follows:

1.      The Plaintiffs' original complaint is granted in part and dismissed in part.  The Plaintiffs proved an ouster as to the 1.2 acre tract and the 3.1 acre tract but failed to prove an ouster as to the 188 acre tract;

2.      The property described in paragraph number one of the Counter-Claim, which is incorporated herein by reference, and further described as a 188 acre tract . . . be sold for partition because the Plaintiffs failed to prove ouster, as required by Tennessee Law.

3.      The Defendants undivided interests, if any, to the 3.1 acre tract and 1.2 acre tract, be divested out of all the Defendants and be vested in Plaintiffs, Dale Anthony Scott, Michael Ronnell Scott, Danny Ray Scott, and Terry Eugene Scott, so they will acure [sic] fee simple title. . . .

       . . . .

7.      That after the sale of the property, the net proceeds, after payment of all sale expenses, court costs, and special master and attorney fees, be divided among the owners according to their respective ownership interests, as set our in paragraph

---

[2] On April 22, 2002, the Decedent's Children filed an "Amended Complaint" to identify additional Defendants, but the amended complaint did not change their theories of recovery.

[3] Section 28-2-109 of the Tennessee Code governs the presumption of ownership arising from payment of the property taxes for more than twenty years, while section 28-2-110 of the Tennessee Code operates as a bar to a claim of title for the nonpayment of the property taxes for a period of twenty years.  Tenn. Code Ann. §§ 28-2-109 to -110 (2003).

number 2, of the Counter-Claim, which is incorporated herein by reference[.]

The Decedent's Children filed an appeal to this Court asking for a determination of whether they have obtained title to the 188 acre tract by adverse possession, common law prescription, and/or section 28-2-109 and section 28-2-110 of the Tennessee Code. For the following reasons, we must remand this case to the trial court since the aforementioned order fails to constitute a final judgment over which this Court may properly exercise appellate jurisdiction.

## II.
### LAW AND ANALYSIS

"This Court may *sua sponte* review the record on appeal to determine if we properly have jurisdiction." **Huntington Nat'l Bank v. Hooker**, 840 S.W.2d 916, 922 (Tenn. Ct. App. 1991); *see also* Tenn. R. App. P. 13(b) (2004). The Tennessee Rules of Appellate Procedure provide as follows:

> In civil actions every *final judgment* entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, *any order that adjudicates fewer than all the claims* or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a) (2004) (emphasis added).

The trial court's "Decree"[4] provides that "[t]he Court finds there is no just reason for delaying final judgment and directs that this decree is a final judgment under Rule 54.02 of the Tennessee Rules of Civil Procedure."[5] Rule 54.02 of the Tennessee Rules of Civil Procedure provides as follows:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, . . . the court, whether at law or in equity, may direct the entry of a final judgment *as to one or more but fewer than all the claims* or parties only upon an express determination that there is no just reason for

---

[4] "The term 'judgment' as used in these rules includes a decree." Tenn. R. App. P. 3(g) (2004).

[5] At the conclusion of the hearing in this matter, the trial court instructed counsel for one of the parties to draft the "Decree."

-4-

delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02 (2004) (emphasis added). *See Harris v. Chern*, 33 S.W.3d 741, 743–44 (Tenn. 2000); *Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn. 1983); *Huntington Nat'l Bank*, 840 S.W.2d at 922.

While the chancery court's order contains a perfunctory statement which amounts to an attempt to certify the order as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, the court's attempt at finality was ineffective. *See Rector v. Halliburton*, No. M1999-02802-COA-R3-CV, 2003 Tenn. App. LEXIS 149, at \*8 (Tenn. Ct. App. Feb. 26, 2003) (noting that, even though a trial court directs that its order be considered final, the order may lack finality where all of the claims have not been adjudicated).[6] "[I]n a civil case an appeal as of right may be taken only after the entry of final judgment[,] . . . one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson v. Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)); *see also* Tenn. R. App. P. 3(a) (2004).

It is apparent from reading the complaint filed by the Decedent's Children in this case that they asserted a cause of action against the other co-tenants based on trespass. In order to prevail on a theory of trespass, the Decedent's Children must prove their right to possession. As this Court has previously stated:

---

[6] In *Rector*, the trial court failed to resolve the defendant's counterclaim for punitive damages. *Rector*, 2003 Tenn. App. LEXIS 149, at \*7. In that case, we noted that, even though the trial court directed that its order be considered a final judgment, "[t]he order of the trial court certifying its original judgment as final was ineffective for the purpose." *Id*. at \*8. Nevertheless, pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure, we suspended the requirement of finality required by Rule 3 of the Tennessee Rules of Appellate Procedure and addressed the case on the merits. *Id*. at \*9.

While this Court may suspend the requirements of Rule 3(a) for "good cause," *see* Tenn. R. App. P. 2 (2004); *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990), we decline to do so in this case because we find no "good cause" present. *See Dulin v. Dulin*, No. W2002-02758-COA-R3-CV, 2004 Tenn. App. LEXIS 349, at \*10 (Tenn. Ct. App. June 3, 2004) (suspending the requirement of finality required by Rule 3(a) "because of the long and protracted proceedings involved in this case, this is the second appeal of the case, and the issue involved was dealt with in the first appeal"); *Ruff v. Raleigh Assembly of God Church, Inc.*, No. W2001-02578-COA-R3-CV, 2003 Tenn. App. LEXIS 496, at \*13–15 (Tenn. Ct. App. July 14, 2003) (suspending the requirement of finality required by Rule 3(a) in a case before this Court for the third time on appeal and involving a "tortured history"); *Rector*, 2003 Tenn. App. LEXIS 149, at \*9 (suspending the requirement of finality required by Rule 3(a) where this Court was able to consider the merits of the other issues already adjudicated and doing so would promote judicial economy). In the instant case, the record reveals that the primary cause of action asserted by the Appellants has not been resolved by the trial court in the first instance.

> This is an action of trespass. In actions of trespass possession is the gist of the action, and the gist of the trespass is the injury to possession. Either actual or constructive possession is sufficient to maintain trespass. If the party is in actual possession under a deed, this is sufficient to maintain the action. If he is not in actual possession, he must show a legal title to the property, and then constructive possession will be presumed from the legal title. . . .

*Pepper v. Gainesboro Tel. Co.*, 1 Tenn. App. 175, 177 (Tenn. Ct. App. 1925); *see also E. Tenn. Natural Gas Co. v. Peltz*, 270 S.W.2d 591, 605 (Tenn. Ct. App. 1954).

The Decedent's Children sought to establish their title to the property by alleging in their complaint that they gained title by adverse possession and/or the co-tenants' failure to pay the property taxes for twenty years. During the course of the proceedings below, they also alleged that they gained title by common law prescription.[7] The trial court's "Decree" merely provides that the Decedent's Children proved an ouster[8] to the 1.2 acre and 3.1 acre tracts, but they failed to prove an ouster to the 188 acre tract. Thus, the trial court determined that the Decedent's Children gained title to two of the parcels of real property at issue.[9] However, after determining that the Decedent's Children gained title to these two parcels, the trial court failed to address whether the other co-tenants trespassed on the property and, if so, whether the Decedent's Children are entitled to damages. Giving every possible inference allowed by the language utilized by the trial court in its "Decree," we have determined that, in essence, the trial court has decided nothing more than an element of a cause of action.

---

[7] While the common law prescription theory of gaining title was not contained in either the original or amended complaints, it was contained in the "Memorandum of Law" filed by Decedent's Children. Appellants discuss this theory in their brief filed with this Court, and Appellees do not contest its inclusion. Thus, this theory of ownership quite possibly was tried by consent of the parties pursuant to Rule 15.02 of the Tennessee Rules of Civil Procedure. Tenn. R. Civ. P. 15.02 (2004) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

[8] The trial court's order does not provide any findings of fact or conclusions of law to support this decision. The order merely provides that the Decedent's Children proved an "ouster" without addressing any particular theory of achieving title alleged by the Decedent's Children. "Generally, trial courts, sitting without juries, are not required to make findings of fact or conclusions of law unless requested in accordance with Tenn. R. Civ. P. 52.01." *In re Muir*, No. M2002-02963-COA-R3-CV, 2003 Tenn. App. LEXIS 831, at *8 (Tenn. Ct. App. Nov. 25, 2003); *see also Hodge v. Provident Life & Accident Ins. Co.*, 664 S.W.2d 297, 300 (Tenn. Ct. App. 1983). However, when a trial court incorporates findings of fact and conclusions of law into its order, it "promotes a just and speedy determination of the issues," *Murray Ohio Mfg. Co. v. Vines*, 498 S.W.2d 897, 902 (Tenn. 1973), and "facilitate[s] appellate review by the courts and appellate preparation by the parties." *Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990).

[9] The trial court's order does not provide any indication as to which of the three theories of gaining title it found the Decedent's Children prevailed on. While it may be implied that, by finding that the Decedent's Children failed to prove ouster to the 188 acre parcel at issue, the trial court necessarily found that they failed to prove title by adverse possession or common law prescription, the same cannot be said for the theory that they gained title due to the co-tenants' failure to pay the property taxes for twenty years. *See* Tenn. Code Ann. §§ 28-2-109 to -110 (2003).

Accordingly, the trial court's order does not constitute a final judgment over which this Court may exercise appellate review. *See* Tenn. R. App. P. 3(a) (2004). No application for permission to take an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure was filed in this case. *See* Tenn. R. App. P. 9(a) (2004). We must, therefore, remand this case to the trial court for further proceedings as are necessary to resolve the issues which remain outstanding.

## III.
### CONCLUSION

For the foregoing reasons, this case stands dismissed for lack of jurisdiction. Costs of this appeal are taxed to the Appellants, Dale A. Scott, Michael R. Scott, Danny R. Scott, and Terry E. Scott and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE